1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WRIGHT, FINLAY & ZAK, LLP**
Gwen H. Ribar, Esq., SBN 188024
gribar@wrightlegal.net
Todd Chvat, Esq., SBN 238282
tchvat@wrightlegal.net
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel. (949) 477-5050; Fax (949) 477-9200

Attorneys for Defendant, WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR HILLDALE TRUST

## UNITED STATED DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYHAN MOHANNA, INDIVIDUALLY AND KEYHAN MOHANNA, TRUSTEE OF THE KEYHAN MOHANNA REVOCABLE TRUST DATED JULY 8, 2003<br><br>            Plaintiff,<br><br>    vs.<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR HILLDALE TRUST; and DOES 1-10, Inclusive<br><br>            Defendants. | Case No.: 4:21-cv-03557-KAW<br><br>*Magistrate Judge Kandis A. Westmore*<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[FRCP Rule 12(b)(6) and (f)]**<br><br>*[Request for Judicial Notice and Proposed Order Filed Concurrently]*<br><br>**Hearing**<br>Date:    August 19, 2021<br>Time:    1:30 p.m.<br>Ctrm:    400S (or TBD) |

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:**

**PLEASE TAKE NOTICE** that on August 19, 2021, at 1:30 p.m., in Courtroom 400S (or TBD), of the above-entitled court, located at 1301 Clay Street, Oakland, California 94612, Defendant WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR HILLDALE TRUST ("WILMINGTON") will move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing all claims for relief in the Complaint. The grounds for the motion are:

**1.      First Claim for Relief: Wrongful Foreclosure**

Plaintiff KEYHAN MOHANNA, INDIVIDUALLY AND KEYHAN MOHANNA, TRUSTEE OF THE KEYHAN MOHANNA REVOCABLE TRUST DATED JULY 8, 2003 ("Plaintiff") fails to state a claim because: (i) the claim is barred by *res judicata* and/or collateral estoppel; (ii) the claim is time barred; and (iii) Plaintiff otherwise fails to plead facts sufficient to state a claim for relief.

**2.      Second Claim for Relief: Wrongful Foreclosure - Violation of U.C.C. § 3302**

Plaintiff fails to state a claim because: (i) the claim is barred by *res judicata* and/or collateral estoppel; (ii) the claim is time barred; and (iii) Plaintiff otherwise fails to plead facts sufficient to state a claim for relief.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1      This Motion is based on this notice, the attached memorandum of points and

2  authorities herein, the Request for Judicial Notice concurrently filed herewith, the

3  Complaint, the Court's record, and on WILMINGTON's argument at the hearing.

4

5                                   Respectfully submitted,

6                                   WRIGHT, FINLAY & ZAK, LLP

7

8  Dated: July 9, 2021                   By: */s/ Todd E. Chvat*

                                    Todd E. Chvat, Esq., Attorneys for

9                                     Defendant, WILMINGTON

10                                  SAVINGS FUND SOCIETY, FSB,

11                                  d/b/a CHRISTIANA TRUST, NOT

                                 INDIVIDUALLY BUT AS

12                                  TRUSTEE FOR HILLDALE TRUST

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# <u>TABLE OF CONTENTS</u>

**Page No.**

I.      INTRODUCTION ........................................................................1

II.     STATEMENT OF FACTS ..........................................................2

     A.     History of the Subject Loan and Plaintiff's Attempted
            Property Transfer ...............................................................2

     B.     Plaintiff's Litigation Campaign Concerning Various
            Units at 1405 Greenwich Street .......................................4

III.    ARGUMENT ...............................................................................7

     1.     Plaintiff's Action is Barred by Res Judicata and/or
            Collateral Estoppel ............................................................7

     2.     Plaintiff's Action is Time Barred....................................10

     3.     Plaintiff's Two Wrongful Foreclosure Claims Fail as a
            Matter of Law...................................................................13

IV.     CONCLUSION ..........................................................................18

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# TABLE OF AUTHORITIES

**Page No.**

**Cases**

*Amerisource Bergen Corp. v. Dialysist West, Inc.*
  465 F.3d 946, 951 (9th Cir. 2006)................................................18

*Ancheta v. Mortg. Elec. Registration Sys.*
  2017 U.S. Dist. LEXIS 47105, at *6 (N.D. Cal. 2017)........................................11

*Bascos v. Fed. Home Loan Mortg. Corp.*
  2011 U.S. Dist. LEXIS 86248, *10-*16 (C.D. Cal. July 22, 2011)....................13

*Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*
  402 U.S. 313, 328-329 (1971 ................................................................7

*Bowles v. Reade*
  198 F.3d 752, 757 (9th Cir. 1999)................................................................18

*Brown v. Felsen*
  442 U.S. 127, 131 (1979 ................................................................7

*Carroll v. Puritan Leasing Co.*
  77 Cal. App. 3d 481, 487 (1978)................................................7, 8, 10

*Costantini v. Trans World Airlines*
  681 F.2d 1199, 1201 (9th Cir. 1982)................................................8

*Darringer v. Intuitive Surgical*
  2015 U.S. Dist. LEXIS 101230, at *6-7 (N.D. Cal. 2015) ................................12

*Debrunner v. Deutsche Bank National Trust Co.*
  (2012) 204 Cal.App.4th 433, 441 (" ................................................15

*Dunkin v. Boskey*
  82 Cal. App. 4th 171, 181 (2000)................................................8, 10

*E-Fab, Inc. v. Accountants, Inc. Servs.*
  153 Cal.App.4th 1308, 1319 (2007) ................................................12

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*Fontenot v. Wells Fargo Bank, N.A.*

198 Cal.App.4th 256, 272 (2011), ........................................................ 14

*Fox v. Ethicon Endo-Surgery, Inc.*

35 Cal.4th 797, 808, (2005) ................................................................ 12

*Frank v. Schultz*

2013 WL 4807171, at *3 (C.D. Cal. 2013) .......................................... 18

*Gomes v. Countrywide Home Loans, Inc.*

192 Cal.App.4th 1149, 1155 (2011), .................................................. 14

*Hatch v. Collins*

225 Cal. App. 3d 1104, 1110, 275 Cal. Rptr. 476 (1990) .................... 11

*In re Cortez*

(1995 9th Cir. BAP) 191 B.R. 174, 177 ............................................. 16

*Koenig v. Bank of Am., N.A.*

2016 WL 8731110, at *2 (E.D. Cal. Mar. 18, 2016), *aff'd*, 714 F. App'x 715 (9th

Cir. 2018), and aff'd, 714 F. App'x 715 (9th Cir. 2018) ...................... 17

*Knapp v. Doherty*

123 Cal. App. 4th 76, 86 (2004) ......................................................... 13

*Lucioni v. Bank of America, N.A.*

3 Cal.App. 5th 150, 161 (2016) .......................................................... 13

*Martinez v. JPMorgan Chase Bank, N.A.*

2016 U.S. Dist. LEXIS 47935, at *4 (N.D. Cal. 2016) ........................ 11

*Medina v. Wells Fargo Bank, N.A.*

2014 U.S. Dist. LEXIS 66500, at *6 (C.D. Cal. May 14, 2014) ........... 14

*Metzger v. Wells Fargo Bank, N.A.*

2014 U.S. Dist. LEXIS 59427, at *14-*16 (C.D. Cal. 2014). .............. 13

*Miles v. Deutsche Bank*

236 Cal. App. 4th 394, 408 (2015); .................................................... 13

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*Montana v. United States*

 440 U.S. 147, 153 (1979) .......................................................................... 7

*Ngoc Nguyen v. Wells Fargo Bank, N.A.*

 749 F. Supp. 2d 1022, 1035 (N.D. Cal. 2010). .................................... 14

*Olwell v. Hopkins*

 28 Cal. 2d 147, 152 (1946)) (emphasis added) .............................. 8, 10

*Owl Drug Co. v. Bryant*

 115 Cal. App. 2d 296, 302 (1953) ........................................................ 7

*Parklane Hoisery Co., Inc. v. Shore*

 439 U.S. 322, 326 (1979) ................................................................. 7, 8

*Power Integrations, Inc. v. On Semiconductor Corp.*

 396 F. Supp. 3d 851, 875 (N.D. Cal. 2019). ...................................... 9

*Saterbak v. JPMorgan Chase Bank, N.A.*

 245 Cal.App.4th 808, 814-816 (2016) ............................................... 13

*Seymour v. Nationstar*

 2020 U.S. Dist. LEXIS 27402, at *15 (E.D. Cal. 2020) ...................... 8

*Shuster v. BAC Home Loans Serv'g, LP*

 (2012) 211 Cal.App 4th 505 ............................................................... 15

*Stendefer v. U.S.*, 447 U.S. 10, 24 (1980) ........................................... 7

Susilo v. Wells Fargo Bank, N.A.

 796 F. Supp. 2d 1177, 1195 (C.D. Cal. 2011) .................................... 11

*Usher v. Greenpoint Mortg. Funding, Inc.*

 2010 U.S. Dist. LEXIS 127311, *25 (E.D. Cal. 2010). ...................... 17

*Vasquez v. Bank of A., N.A.*

 2013 U.S. Dist. LEXIS 161244, at *9 (N.D. Cal. 2013) ...................... 14

*Yhudai v. IMPAC Funding Corp.*

 (2016) 1 Cal.App.5th 1252, 1260 ...................................................... 15

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*Yvanova v. New Century Mortgage Corp.*

   (2016) 62 Cal.4th 919, 924 ............................................................... 14

**Statutes**

26 CFR 1.6050P-1 ................................................................................. 16

*California Code of Civil Procedure* §338(a) and (d). ............................ 10

U.C.C. §3302 ....................................................................................... 10

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff is the former owner of a six (6) unit converted condominium in San Francisco. This action concerns a non-judicial foreclosure sale on Unit #2 which occurred nearly three and a half years ago, on January 3, 2018, after Plaintiff had been in default on his mortgage loan for nearly nine (9) years.  As detailed below, when Plaintiff's loan went into foreclosure, along with his loans for the other units at the subject property, he engaged in a relentless scheme to frustrate creditors and interfere with lawful foreclosure sales.  His efforts included numerous bankruptcy petitions, adversary proceedings, and a barrage of meritless state and federal lawsuits which have all resulted in dismissal.

In this action, Plaintiff asserts two causes of action for wrongful foreclosure based on the allegation that WILMINGTON had no standing to foreclose because "there was no legal or valid assignment of the mortgage debt obligation to Defendant" and "Defendant was not the 'beneficiary,' 'holder in due course,' or a 'person entitled to enforce' the mortgage debt obligation…" in violation of UCC §3302. [Complaint, pg. 2:18-3:4, see also ¶7].  Plaintiff also contends that "the mortgage loan obligation … was canceled on February 19, 2013." [Complaint, pg. 3, ln. 14-20, see also ¶¶6-7].  Under this theory, Plaintiff claims that no foreclosure sale could have occurred because the loan did not exist any longer. *Id*. As detailed below, Plaintiff's allegations are erroneous, unsupported, and fail as a matter of law.  More importantly, Plaintiff's claims challenging standing to foreclose and asserting a cancellation of the debt were already litigated and dismissed with respect to Unit #2 in a prior state court proceeding filed by a purported successor in interest to Plaintiff, as well as in prior state and federal actions filed in connection with the other units at the subject property.  Thus, Plaintiff's action is barred by *res judicata* and/or collateral estoppel.  Lastly, Plaintiff's action is time barred.

Accordingly, for reasons briefed fully below, the Court should dismiss Plaintiff's Complaint without leave to amend.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.    STATEMENT OF FACTS

**A.    History of the Subject Loan and Plaintiff's Attempted Property Transfer.**

On August 18, 2005, Plaintiff obtained a $704,000.00 mortgage loan (the "Loan") from originating lender Countrywide Bank, FSB, secured by real property commonly known as 1405 Greenwich Street, Unit #2, San Francisco, California 94109 (the "Property") through a Deed of Trust recorded on August 24, 2005 (the "DOT"). [Request for Judicial Notice ("RJN"), Exhibit 1]. The Property is one of six condominium units located in a single building. This lawsuit concerns "Unit #2". [Complaint, pg. 2:11-17]. Plaintiff defaulted on the Loan beginning in March 2009 and a Notice of Default was recorded on June 26, 2009. [RJN, Exhibit 2]. On March 1, 2010, Plaintiff filed for Chapter 13 Bankruptcy petition to delay foreclosure on multiple properties (USBK Northern District, Case No. 10-bk-30701) and a second Notice of Default was later recorded on February 7, 2012, again referencing the date of default beginning with the March 2009 payment. [RJN, Exhibit 3].

On April 2, 2012, Plaintiff's petition was converted to a Chapter 7 and on February 19, 2013, Plaintiff was discharged of *personal liability* on numerous debts, including the Loan. [RJN, Exhibit 4]. In connection therewith, Plaintiff erroneously alleges that, "[o]n February 19, 2013, Bank of America, canceled Plaintiff's mortgage debt obligation" and claims he received a 1099-C from Bank of America shortly thereafter "evidencing the cancellation of debt." [Complaint, ¶4]. Plaintiff uses this erroneous contention to claim that the foreclosure sale was unlawful as the debt no longer existed. [Complaint, ¶¶6-7, 13]. Besides the fact that this argument is meritless as to be discussed, the February 19, 2013 Discharge Order itself clearly invalidates Plaintiff's argument stating, "[h]owever, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest,

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

against the discharged debtor's property after the bankruptcy…" [RJN, Exhibit 4, pg. 2].

On April 19, 2017, a Mechanic's Lien was recorded against the Property in favor of Chih-Hong Hsu ("Hsu") purportedly for work done to the Property and other units located in the same building in the amount of $476,543.25. [RJN, Exhibit 5]. On or about May 11, 2017, Hsu purportedly assigned all rights to the Mechanic's Lien to "1275 Sherkat-Eh-Shargh-Va-Gharb, a general partnership on behalf of Alborz Fund Management III, a private holding entity" (the "Sherkat Entity"). [RJN, Exhibit 6]. On May 23, 2017, Plaintiff, signing under an entity named "1405 Greenwich Street, HOA, a Trust", purported to convey all interest in and to the Property and other units in the same building to the Sherkat Entity via a "Deed in Lieu of Foreclosure". [RJN, Exhibit 7].  Thereafter, on or about July 25, 2017, the Sherkat Entity purportedly conveyed all title and interest in and to the Property to "3H Renovation Services" by Grant Deed recorded on July 31, 2017. [RJN, Exhibit 8].  On or about October 30, 2017, Plaintiff then purportedly leased the Property, along with all other units in the building, with an option to buy from 3H Renovation Services pursuant to an alleged lease recorded on November 1, 2017. [RJN, Exhibit 9]. Although the lease was signed by "3H Renovation Services," it identifies Plaintiff as the "Lessor" and "KMInSTYLE Hospitality and Transportation Services, LLC" as the Lessee. *Id*.

In 2017 the beneficial interest under the DOT was assigned to WILMINGTON and an Assignment of the Deed of Trust was recorded on October 31, 2017. [RJN, Exhibit 10].  Fay Servicing, LLC was the servicer of the Loan and attorney-in-fact for WILMINGTON. As a result of Plaintiff's continuing default on the Loan stemming from the March 2009 payment, a Notice of Trustee's Sale was recorded on December 12, 2017, setting the foreclosure sale

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

for January 3, 2018. [RJN, Exhibit 11].[1] The foreclosure sale went forward as scheduled on January 3, 2018 and WILMINGTON acquired title to the Property as the highest bidder via a Trustee's Deed Upon Sale recorded on January 24, 2018. [RJN, Exhibit 12].  On March 22, 2021, WILMINGTON, by and through its servicer and attorney-in-fact Fay Servicing, LLC, sold the Property to its current owner MM Club LLC. [RJN, Exhibit 13].

**B.    Plaintiff's Litigation Campaign Concerning Various Units At 1405 Greenwich Street.**

In an effort to frustrate and interfere with multiple creditors, Plaintiff has embarked on a meritless litigation campaign stemming several years concerning the various Units at the Property which have all resulted in dismissal. Below is a summary of some of the *known* litigation filed by Plaintiff in connection with 1405 Greenwich Street:

<u>1405 Greenwich Street, Other Units</u>

On December 16, 2014, Plaintiff filed a lawsuit in San Francisco Superior Court against Wells Fargo concerning Unit #1 asserting claims for quiet title, wrongful foreclosure, and fraud, among others. [RJN, Exhibit 14]. Plaintiff's action against Wells Fargo asserted nearly identical standing allegations as those appearing here contending Wells Fargo lacked standing to foreclose. *Id*. Wells Fargo's demurrer to Plaintiff's first amended complaint was sustained without leave to amend, and the court entered a final judgment dismissing the case with prejudice. [RJN, Exhibits 15-16]. Later, in March 2016, Plaintiff commenced his

---

[1] In light of Plaintiff's delay tactics, the foreclosure sale was delayed for multiple years and multiple Notices of Trustee's Sale were recorded between 2010 through 2017. However, for purposes of judicial economy, Defendant does not request judicial notice of any prior Notice of Sale other than the operative December 12, 2017 Notice.

second and third actions against Wells Fargo concerning Unit #1 in the United States District Court, Northern District of California, Case Numbers 4:16-cv-01035 and 4:16-cv-01036.  However, Plaintiff dismissed both matters voluntarily in December 2016. [RJN, Exhibits 17-18].

On September 14, 2016, Plaintiff filed an Adversary Complaint against HSBC Bank USA with respect to Unit #3, once again challenging standing to foreclose and arguing that Bank of America "agreed to cancel all five loans on 1405 Greenwich Street, San Francisco." [RJN, Exhibit 19, see ¶12]. This lawsuit was dismissed for lack of jurisdiction on March 15, 2017. [RJN, Exhibit 20].

In December 2017, after foreclosure sales were completed on Units #1 and #4, Plaintiff filed a fourth action involving Wells Fargo in San Francisco Superior Court. [RJN, Exhibit 21]. Similar to Plaintiff's current action here, this complaint against Wells Fargo again claimed wrongful foreclosure in that no standing to foreclose existed and the debts pertaining to Units #1 and #4 had been cancelled. *Id*. On July 11, 2019, the lawsuit was dismissed with prejudice after Plaintiff failed to amend upon a successful demurrer. [RJN, Exhibit 22].

On May 1, 2018, Plaintiff then filed a lawsuit against Carrington Mortgage Services, LLC and a different Wilmington Trust concerning Unit #5 in the United States District Court, Northern District of California. [RJN, Exhibit 23]. This lawsuit equally challenged defendants' standing to foreclose and asserted debt collection violations under the FDCPA and RFDCPA. [RJN, Exhibit 23, *see* page 10:27-28 ("Plaintiff alleges the NOD falsely represents that Defendants have the legal right and authority to proceed")]. On November 1, 2018, Plaintiff's lawsuit was dismissed and Judgment entered.  [RJN, Exhibits 24-25].  In its Order granting defendants' motion to dismiss, Judge William H. Orrick emphatically stated, "[t]his is the third time I have addressed plaintiff Keyhan Mohanna's claims concerning the foreclosure of his condominium … his complaint provide[s]

-5-

no facts or reasons to support his claims that any of the deeds of trust were defective or why defendants lacked legal authority to foreclose on his Property. … This case has no merit and it is dismissed with prejudice." [RJN, Exhibit 24, pg. 1:13-26].

<u>1405 Greenwich Street, Unit #2 (The Subject Unit)</u>

On March 12, 2018, 3H Renovation Services (the entity that purportedly held title to the Property via the Grant Deed recorded July 31, 2017 – see RJN, Exhibit 8) filed a lawsuit concerning the Property (Unit #2) in San Francisco Superior Court against WILMINGTON's servicer and attorney-in-fact, Fay Servicing, LLC, as well as the DOT Trustee Zieve, Brodnax & Steele. [RJN, Exhibit 26]. After several demurrers, a second amended complaint was filed in February 2019 (the "2018 Lawsuit"). [RJN, Exhibit 27]. This 2018 Lawsuit asserted multiple causes of action including wrongful foreclosure predicated on the same exact claims as pled here that the Loan was forgiven or cancelled in 2013 and thus could not be foreclosed on, and defendants lacked standing to foreclose. [RJN, Exhibit 26, see pg. 5-13, 17-18; Exhibit 27, see ¶¶15-17, 20, 23-24, 27, 43, 49-50, 73, 77].

Defendants' demurrer to the SAC was filed on March 29, 2019. [RJN, Exhibit 28].  On May 1, 2019, the demurrer was sustained without leave to amend. [RJN, Exhibit 29]. Thereafter, on August 6, 2019, Judgment was entered and the 2018 Lawsuit was dismissed with prejudice. [RJN, Exhibit 30].[2]

/ / /

---

[2] The foregoing summary does not represent nearly all of the cases filed by Plaintiff concerning 1405 Greenwich Street and the various foreclosures. In addition to these and other civil matters, Plaintiff filed bankruptcies in 2010, 2015, 2016 and 2018, United States Bankruptcy Court, Northern District of California, Case No.'s 10-30701, 15-31425, 16-30388, 18-30983, as well as adversary actions.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.   ARGUMENT

Plaintiff's action asserts two separate causes of action for wrongful foreclosure premised on the same arguments that WILMINGTON did not have the right to foreclose on the Property because the Loan was cancelled/forgiven, and WILMINGTON had no right to foreclose because it was not a holder in due course of the note in violation of the Uniform Commercial Code. [Complaint, pg. 2-4, ¶¶3-4, 7-9, 12-30, 32-36]. These claims fail as a matter of law for multiple reasons.

**1.    Plaintiff's Action is Barred by Res Judicata and/or Collateral Estoppel.**

The Doctrines of Res Judicata (claim preclusion) and Collateral Estoppel (issue preclusion) ensure the finality of decisions.  Where a dispute is between private litigants and concerns private rights, there is no significant harm from enforcing a rule that affords a litigant and their privy only one opportunity to litigate an issue and there is no sound reason for burdening the courts with repetitive litigation. *Stendefer v. U.S.*, 447 U.S. 10, 24 (1980).  Under Res Judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Brown v. Felsen* 442 U.S. 127, 131 (1979) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979).)  Further, "[i]f the second action is based on the same right or obligation, the cause of action is the same even though different or additional relief is sought." *Carroll v. Puritan Leasing Co*., 77 Cal. App. 3d 481, 487 (1978) (citing *Owl Drug Co. v. Bryant*, 115 Cal. App. 2d 296, 302 (1953)).

"Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hoisery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979) (citing *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 328-329 (1971)). The doctrine of Collateral Estoppel is broader than the doctrine of Res Judicata, and "precludes relitigation of issues [as

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  opposed to causes of action] actually litigated and necessary to the outcome of the

2  first action." P*arklane Hoisery Co., Inc. v. Shore*, 439 U.S. 322, 326-327 (1979)

3  (emphasis added). "It is settled that a final judgment on the merits…bars a later

4  action …[of]…not only every issue raised in that action, but every issue that

5  might have been raised." *Carroll v. Puritan Leasing Co*., 77 Cal. App. 3d 481,

6  486 (1978) (citing *Olwell v. Hopkins*, 28 Cal. 2d 147, 152 (1946)) (emphasis

7  added); *Dunkin v. Boskey*, 82 Cal. App. 4th 171, 181 (2000); *Costantini v. Trans*

8  *World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) ("the doctrine of res judicata

9  (or claim preclusion) bar(s) all grounds for recovery which could have been

10  asserted, whether they were or not . . .'").

11  In this case, with respect to the Property (Unit #2), the 2018 Lawsuit

12  asserted similar claims based on the same argument that no standing to foreclose

13  existed because the Loan had been cancelled or forgiven. [RJN, Exhibit 26, see pg.

14  5-13, 17-18; Exhibit 27, see ¶¶15-17, 20, 23-24, 27, 43, 49-50, 73, 77]. These are

15  the exact same type of allegations asserted here. [Complaint, pg. 2-4, ¶¶3-4, 7-9,

16  12-30, 32-36].  Although WILMINGTON was not a party to the 2018 Lawsuit, it

17  certainly was in privity with the named defendants given that it was the owner and

18  beneficiary of the Loan at the time. [RJN, Exhibit 10].  Namely, Fay Servicing,

19  LLC was a named defendant in the 2018 Lawsuit and as mentioned, Fay Servicing,

20  LLC was the servicer of the Loan and attorney-in-fact for WILMINGTON. [See

21  RJN, Exhibit 13 (Grant Deed executed by Fay Servicing, LLC as the "attorney-in-

22  fact" for WILMINGTON)]. As such, privity exists between WILMINGTON and

23  the defendants in the 2018 Lawsuit. *Seymour v. Nationstar*, 2020 U.S. Dist. LEXIS

24  27402, at *15 (E.D. Cal. 2020) (privity exists between a servicer and a loan/deed

25  of trust's current and former beneficiaries).

26  And although Plaintiff was not the plaintiff in the 2018 Lawsuit, he is in

27  privity with 3H Renovation Services, the filing party.  3H Renovation Services was

28  the purported successor owner of the Property and the 2018 Lawsuit expressly

1   asserted claims referencing Plaintiff's alleged communications with Bank of
2   America and cancellation of the debt.  Namely, paragraphs 16-17 of the second
3   amended complaint in the 2018 Lawsuit alleged:

4

5          16. On February 9, 2013, after extensive negotiations between
           **Keyhan Mohanna, the previous owner of Apt 2**, and then servicer
6          Bank of America's Executive Office, (as successor to Countrywide
           Home Loans), **Bank of America agreed to forgive and cancel all 5**
7          **of the fraudulently-made Countrywide loans**, **including the one this**
           **Complaint is the subject of.** … After years of negotiations with Bank
8          of America's executive office, Bank of America agreed to cancel and
           forgive the predatory loan as part of the Department of Justice
9          Settlement Agreement. …
10
11         17. To confirm their forgiveness/cancellation, **Bank of America**
12         **issued an IRS tax form 1099-C and required Keyhan Mohanna to**
           **report the cancelled debt on his tax returns**, which he did, and
13         required him to make tax payments accordingly, which he did … .
14

15  [RJN, Exhibit 27, ¶¶16-17].
16
17          Accordingly, although Plaintiff was not the filing party in the 2018 Lawsuit,
18  clear privity and an identity of interest existed between Plaintiff and 3H
19  Renovation Services.  After all, 3H Renovation Services expressly asserted claims
20  based on Plaintiff's dealings and Plaintiff's contention that the Loan was forgiven
21  or cancelled. [RJN, Exhibit 27, ¶¶16-17].  According to the Federal Circuit, "when
22  one party is a successor in interest to another with respect to particular property,
23  the parties are in privity … with respect to an adjudication of rights in the property
24  that was transferred[.]" *Power Integrations, Inc. v. On Semiconductor Corp*., 396
25  F. Supp. 3d 851, 875 (N.D. Cal. 2019).  As evidenced in the 2018 Lawsuit, 3H
26  Renovation Services was asserting alleged rights in the property which had
27  transferred to it as the purported successor owner. Thus, privity exists between
28  Plaintiff and 3H Renovation Services. *Seymour v. Nationstar*, 2020 U.S. Dist.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

LEXIS 27402, at *15 (E.D. Cal. 2020) (holding that privity exists when the parties "ha[ve] the same legal right with respect to the subject matter involved").

Because the 2018 Lawsuit did in fact adjudicate and dispose of similar claims regarding standing to foreclose and the alleged debt cancellation, Plaintiff's action here is barred by res judicata. To the extent that Plaintiff's claims regarding erroneous "holder of the note" theories may not have been expressly set forth in the 2018 Lawsuit, they certainly could have rendering them barred by collateral estoppel. *Carroll, supra; Costantini, supra.*

Additionally, although not expressly dealing with Unit #2, it is important to note that Plaintiff's other plethora of litigation involving the other units equally asserted the same theories regarding standing to foreclose and debt cancellation. Each of these actions were dismissed. [RJN, Exhibit 14-24].  In fact, these prior litigations even implicated the subject Loan by claiming that Bank of America "agreed to cancel all five loans on 1405 Greenwich Street, San Francisco." [RJN, Exhibit 19, see ¶12]. To this end, Plaintiff's action here should equally be deemed barred by res judicata and/or collateral estoppel given that he has repeatedly asserted similar argument with respect to the other units which have equally already been adjudicated.

**2.    Plaintiff's Action is Time Barred.**

Even had Plaintiff's claims not been previously litigated between the parties or their privies, they are still fatally defective as each cause of action is time barred.  Plaintiff's two causes of action for wrongful foreclosure are based on the same argument that the January 3, 2018 foreclosure sale was unlawful as the debt had allegedly been cancelled and WILMINGTON was not the beneficiary and lacked standing to foreclose in violation of violation of U.C.C. §3302. [Complaint, pg. 2-4, ¶¶3-4, 7-9, 12-30, 32-36].  Generally, the statute of limitations for wrongful foreclosure is three years. *California Code of Civil Procedure* §338(a) and (d). Further, "[u]nder California law, 'the nature of the right sued upon, not the

form of action or the relief demanded, determines the applicability of the statute of limitations.'" *Ancheta v. Mortg. Elec. Registration Sys.*, 2017 U.S. Dist. LEXIS 47105, at *6 (N.D. Cal. 2017).

Here, Plaintiff claims, "[t]he thrust of [this] case is that, as a result of fraudulent documents … [WILMINGTON] was not the true beneficiary or a real party in interest under the Deed of Trust having the … power of sale due to non-payment on the mortgage debt obligation." [Complaint, pg. 3, ln. 5-13].  Plaintiff invokes fraud in alleging that WILMINGTON never had authority to foreclose and conspired to benefit "at the expense of Plaintiff by engaging in fraudulent activities." [Complaint, pg. 7:24-8:15].  Plaintiff also alleges that WILMINGTON "misrepresented material information relating to the recorded documents." [Complaint, ¶19].  Because Plaintiff's wrongful foreclosure claims sound in fraud, they carry a three-year statute of limitations. *Martinez v. JPMorgan Chase Bank, N.A.*, 2016 U.S. Dist. LEXIS 47935, at *4 (N.D. Cal. 2016); *Hatch v. Collins*, 225 Cal. App. 3d 1104, 1110, 275 Cal. Rptr. 476 (1990) (wrongful foreclosure claim based upon alleged fraudulent conspiracy between trustee and beneficiaries covered by section 338(d)); *Susilo v. Wells Fargo Bank, N.A.*, 796 F. Supp. 2d 1177, 1195 (C.D. Cal. 2011) (action to set aside wrongful foreclosure covered by section 338(d) whether based on fraud, fraudulent conspiracy, or breach of statutory duty).

As noted above, the foreclosure sale was conducted on January 3, 2018, and the Trustee's Deed recorded January 24, 2018. [RJN, Exhibit 12].  Plaintiff's lawsuit was not filed until May 2021, after the three-year statute had already expired.  Because a three-year statute of limitations applies to Plaintiff's claims, his action is time barred and fails as a matter of law. As a desperate means to avoid this fatal defect, Plaintiff alleges that the statute of limitations should be tolled because he "did not discover that Defendant was named as the foreclosing beneficiary of his mortgage debt obligation until he reviewed the TDUS and

1    compared it with the Assignment of Deed of Trust and the SOT on Tuesday, May

2    4, 2021." [Complaint, ¶8]. This allegation is clearly insufficient. The Assignment

3    recorded for the public record evidencing WILMINGTON's ownership of the

4    Loan was done on October 31, 2017 (RJN, Exhibit 10) and the Trustee's Deed was

5    recorded on January 24, 2018 (RJN, Exhibit 12). Thus, Plaintiff had all the

6    pertinent information at his disposal in January 2018.

7        It is well settled that "[i]n order to rely on the delayed discovery rule, a

8    plaintiff must specifically plead facts showing (1) the time and manner of

9    discovery *and* (2) the inability to have made earlier discovery despite reasonable

10    diligence." *Darringer v. Intuitive Surgical*, 2015 U.S. Dist. LEXIS 101230, at *6-7

11    (N.D. Cal. 2015) (quoting *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 808,

12    (2005)). "'The burden is on the plaintiff to show diligence, and conclusory

13    allegations will not withstand' a motion to dismiss." *Darringer, supra*, at *9 (citing

14    *E-Fab, Inc. v. Accountants, Inc. Servs.*, 153 Cal.App.4th 1308, 1319 (2007).

15    "[P]laintiffs are charged with presumptive knowledge of an injury if they have

16    information of circumstances to put [them] on inquiry or if they have the

17    opportunity to obtain knowledge from sources open to [their] supervision."

18    *Darringer, supra*, at *9 (citing *Fox, supra*, at 807-08).

19        Here, Plaintiff has not and cannot possibly plead facts to establish any

20    entitlement to the delayed discovery rule.  As mentioned, the Assignment of the

21    DOT to WILINGTON and the Trustee's Deed deeding the Property to

22    WILMINGTON were recorded in October 2017 and January 2018 respectively.

23    Plaintiff was clearly aware of the foreclosure sale as demonstrated by his barrage

24    of lawsuits and the documents were recorded in the public record to which Plaintiff

25    no doubt had unfettered access to.  As such, a tolling of the statute of limitations is

26    not available. *Darringer, supra*, at *6-7, 9; *E-Fab, Inc., supra*; *Fox, supra*.

27    / / /

28    / / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 3.    Plaintiff's Two Wrongful Foreclosure Claims Fail as a Matter of Law.

A claim for wrongful foreclosure requires: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale . . . was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Miles v. Deutsche Bank National Trust Co.*, 236 Cal. App. 4th 394, 408 (2015); *see also, Knapp v. Doherty*, 123 Cal. App. 4th 76, 86 (2004) (foreclosures are presumptively valid and challengers bear the burden of demonstrating improper procedure and resulting prejudice). Plaintiff's dual cause of action for wrongful foreclosure fail for numerous reasons separate and apart from res judicata and statute of limitation issues.

*First*, Plaintiff cannot allege sufficient facts to establish that WILMINGTON lacked ownership of the Loan and DOT at the time of foreclosure. Plaintiff contends that WILMINGTON had no interest in the Loan and "there are no documents in the recorded chain of title to the Subject Property that leads to Defendant WILMINGTON's ownership of the mortgage debt obligation." [Complaint, ¶¶12-17, 20, 23-30, 32-36]. Yet, this allegation is clearly invalidated by the Assignment recorded on October 31, 2017, prior to the foreclosure sale, evidencing WILMINGTON's beneficial interest in the DOT. [RJN, Exhibit 10]. Case law routinely rejects similar unfounded and unsupported claims. *See Bascos v. Fed. Home Loan Mortg. Corp.*, 2011 U.S. Dist. LEXIS 86248, *10-*16 (C.D. Cal. July 22, 2011) (rejecting similar claims on the right to foreclose); *Metzger v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 59427, at *14-*16 (C.D. Cal. 2014).  Applicable case law has also continued to reject boilerplate challenges to the lender's "standing." *See Lucioni v. Bank of America, N.A.*, 3 Cal.App. 5th 150, 161 (2016); *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal.App.4th 808, 814-

816 (2016); *Vasquez v. Bank of A., N.A.*, 2013 U.S. Dist. LEXIS 161244, at *9 (N.D. Cal. 2013); *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, 1155 (2011), *review denied* (May 18, 2011), *cert. denied*, 132 S. Ct. 419, 181 L. Ed. 2d 287 (2011).

*Second*, Plaintiff erroneously claims that "there is no evidence of a recorded Assignment of Note and delivery to …WILMINGTON." [Complaint, ¶20]. Yet, it is well settled that WILMINGTON was not required to record an assignment of the Loan itself, *i.e.*, the Note. *Medina v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 66500, at *6 (C.D. Cal. May 14, 2014) ("Because Wells Fargo obtained World Savings' interests through that merger, no assignment of interest was necessary."); *Fontenot v. Wells Fargo Bank, N.A*., 198 Cal.App.4th 256, 272 (2011), disapproved on other grounds in *Yvanova v. New Century Mortgage Corp*. (2016) 62 Cal.4th 919, 924 ("Plaintiff rests her argument on the documents in the public record, <u>but assignments of debt, as opposed to assignments of the security interest incident to the debt, are commonly not recorded</u>." (emphasis added)). As such, the allegation that no assignment of the Note was recorded does not raise any arguable defect in the completed foreclosure. *Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1035 (N.D. Cal. 2010).

*Third*, Plaintiff also suggests that WILMINGTON had to have established it was a "holder in due course" and/or a "person entitled to foreclose" in order to foreclose under the DOT. [Complaint, ¶¶15-17, 20-30, 32-36]. Plaintiff claims that "standing must be proved up by the Law of Assignments" and "evidence to such a relationship" must be established. [Complaint, pg. 4, ln. 21-28]. Plaintiff is mistaken.  No obligation existed or exists for WILMINGTON to prove its authority to act in order to foreclose.  Nowhere within *California Civil Code* section 2924 *et al.* is there a requirement that proof of a beneficial interest in the note or an agency relationship with the note holder be given in order to non-judicially foreclose. *Debrunner v. Deutsche Bank National Trust Co*. (2012) 204

1   Cal.App.4th 433, 441. The absence of such a requirement means that no such

2   requirement exists. *Moeller v. Lien,* 25 Cal.App.4th 822, 834 (1994).

3        As a result, Plaintiff's theory that WILMINGTON must prove an interest in

4   the Note or DOT is not founded in California law.  Moreover, given that Plaintiff is

5   the suing party here, it is his burden to establish that WILMINGTON lacked such

6   authority, not WILMINGTON's burden to prove otherwise.  A borrower's similar

7   attempt to transfer this burden to the foreclosing entity was steadily invalidated in

8   *Yhudai v. IMPAC Funding Corp.* (2016) 1 Cal.App.5th 1252, 1260 stating,

9   "Yhudai, as the plaintiff challenging a nonjudicial foreclosure, has the burden to

10   prove it was wrongful.".

11        *Fourth*, California courts have also routinely rejected the "holder in due

12   course" and/or splitting of the note arguments that Plaintiff seeks to advance. In

13   *Debrunner, supra,* at page 440, the appellate court held that "nothing in the

14   applicable statutes … precludes foreclosure when the foreclosing party does not

15   possess the original promissory note." The court reasoned that since none of the

16   statutes "mandate physical possession of the underlying promissory note in order

17   for th[e] initiation of foreclosure to be valid," imposing such a requirement would

18   contradict the purposes of the statutory scheme. *Id*. Likewise, in *Shuster v. BAC

19   Home Loans Servicing, LP* (2012) 211 Cal.App.4th 505, the appellate court

20   rejected a borrower's "holder in due course" theory, stating "the Shusters also

21   contend that respondents had no right to foreclose because they were not the

22   'holder in due course' of the promissory note, and that only WMC, as the original

23   holder of the note, had that right. They are incorrect." *Id.* at 511.  Plaintiff

24   advances the same "separation of the note" and "holder in due course" arguments

25   as in *Debrunner* and *Shuster*.  As in those cases, Plaintiff's similar arguments

26   equally fail here.

27        *Fifth*, Plaintiff's claims fail as they are based on the erroneous allegation that

28   the Loan was cancelled on February 19, 2013 and thus the DOT unenforceable.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1    [Complaint, ¶¶3-5, 7-8, 13-14, 17, 27-28].  As mentioned above, Plaintiff's

2    argument relates to a discharge order he obtained in bankruptcy, and Plaintiff

3    misinterprets that discharge to mean that the DOT securing the Loan was

4    extinguished as well. [RJN, Exhibit 4]. This is not the case. It is well settled that

5    when a borrower files a personal bankruptcy and receives a discharge of liability

6    for debts, the lien of a valid secured obligation survives and the creditor can

7    foreclose on the property security after any applicable stay is dissolved. *In re*

8    *Cortez* (1995 9th Cir. BAP) 191 B.R. 174, 177.  Thus, upon Plaintiff's discharge

9    and termination of any automatic stay provisions, WILMINGTON was entitled, as

10   a matter of law, to move forward with nonjudicial foreclosure proceedings under

11   the DOT even though Plaintiff's personal liability on the Loan was discharged. *Id*.

12   Moreover, even the discharge order itself confirmed the same, stating, "a creditor

13   may have the right to enforce a valid lien, such as a mortgage or security interest,

14   against the discharged debtor's property after the bankruptcy…" [RJN, Exhibit 4,

15   pg. 2].

16          In connection with Plaintiff's erroneous argument, he also claims that he

17   received a 1099-C Cancellation of Debt notice from Bank of America thereby

18   "evidencing the cancellation of debt." [Complaint, ¶4]. Plaintiff again uses this

19   erroneous contention to claim that the foreclosure sale was unlawful as the debt no

20   longer existed. [Complaint, ¶¶6-7, 13].  Yet, a 1099-C on its face, does not reflect a

21   forgiveness of the Loan.  Instead, a 1099-C would have been issued because

22   Plaintiff was discharged of personal liability on the Loan as part of his Bankruptcy

23   proceedings. [RJN, Exhibit 4]. In fact, the IRS *requires* issuance of 1099-C where,

24   as here, the debt at issue is associated with an investment property, which was

25   discharged as part of a bankruptcy. 26 C.F.R. 1.6050P-1(a) ("any applicable entity

26   … that discharges an indebtedness of any person … of at least $600 during a

27   calendar year must file an information return on Form 1099-C with the Internal

28   Revenue Service.").  Accordingly, any 1099-C issued by Bank of America was

done merely a result of Plaintiff's discharge, and certainly did not establish the Loan and DOT were forgiven and released.

*Sixth,* Plaintiff has not alleged resulting prejudice. *Knapp, supra,* 123 Cal. App. 4th 76, 86 (2004). Plaintiff concedes the Loan was in severe default "[a]fter falling behind in payments due to the financial crash in 2008" and does not assert any facts to establish that he could have been able to avoid the completed foreclosure sale. Judicially noticeable facts demonstrate that WILMINGTON was the beneficiary of the Loan and DOT at the time (RJN, Exhibit 10) and Plaintiff's Loan had been in default for nearly a decade (RJN, Exhibit 3 – noting default beginning with the March 2009 payment). Because the foreclosure sale was inevitable and there was no resulting prejudice, Plaintiff's wrongful foreclosure claims must fail.

*Lastly*, Plaintiff's second wrongful foreclosure cause of action contends that WILMINGTON violated the Uniform Commercial Code because it was not a "holder in due course" and did not take the "mortgage debt obligation in good faith" or "for value". [Complaint, ¶¶32-36].  Identical claims have been described as "frivolous" because the UCC does not apply to nonjudicial foreclosures. *Usher v. Greenpoint Mortg. Funding, Inc.*, 2010 U.S. Dist. LEXIS 127311, *25 (E.D. Cal. 2010). As held in *Debrunner, supra,* at 440-441, "reliance on the California Uniform Commercial Code provisions pertaining to negotiable instruments is misplaced. The comprehensive statutory framework established [in Cal Civ. Code §§ 2924 to 2924k] to govern nonjudicial foreclosure sales is intended to be exhaustive. Because of the exhaustive nature of this scheme, California appellate courts have refused to read any additional requirements into the non-judicial foreclosure statute." *Koenig v. Bank of Am., N.A.*, 2016 WL 8731110, at *2 (E.D. Cal. Mar. 18, 2016), *aff'd*, 714 F. App'x 715 (9th Cir. 2018), and aff'd, 714 F. App'x 715 (9th Cir. 2018) ("Regarding the first argument, the requirements for

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

holder in due course status is set out in Cal. U. Com. Code § 3302 but that provision is not applicable to non-judicial foreclosure.").

For each of the reasons set forth above, Plaintiff's Complaint fails as a matter of law and the Court should dismiss this lawsuit without leave to amend.

## IV.   CONCLUSION.

Under the circumstances, leave to amend would be futile. *Frank v. Schultz*, 2013 WL 4807171, at *3 (C.D. Cal. 2013) ("if amendment of the pleading would be futile, leave to amend may be denied."). Not only are Plaintiff's claims barred by res judicata, collateral estoppel, and the statute of limitations, they are otherwise legally erroneous, fail as a matter of law, and fatally defective. In light of these incurable pleading deficiencies, the Court should grant this motion to dismiss without leave to amend. *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999).

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: July 9, 2021                By: */s/ Todd E. Chvat*
                                   Todd E. Chvat, Esq., Attorneys for
                                   Defendant, WILMINGTON
                                   SAVINGS FUND SOCIETY, FSB,
                                   d/b/a CHRISTIANA TRUST, NOT
                                   INDIVIDUALLY BUT AS
                                   TRUSTEE FOR HILLDALE TRUST

-18-

# PROOF OF SERVICE

I, Jovete Elguira, declare as follows:

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660.  I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On July 12, 2021, I served the within **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on all interested parties in this action as follows:

Keyhan Mohanna
1405 Greenwich Street, Apt. #2
San Francisco, CA 94109
*Plaintiff in Pro Se*

[X] (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[  ] (BY OVERNIGHT- NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by FedEx Overnight with the delivery fees provided for.

[  ] (BY ELECTRONIC MAIL) To the following e-mail: Keyhan6@yahoo.com

[X] (FEDERAL) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 12, 2021, at Newport Beach, California.

_____
Jovete Elguira

1

**PROOF OF SERVICE**