**KEYHAN MOHANNA**
1405 Greenwich Street, Apt. #2
San Francisco, California 94109
Telephone: (415) 420-1237
Facsimile: (415) 474-2900
Email: keyhan6@yahoo.com

PLAINTIFF IN PRO SE

FILED

AUG 04 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

KEYHAN MOHANNA,
INDIVIDUALLY AND KEYHAN
MOHANNA, TRUSTEE OF THE
KEYHAN MOHANNA REVOCABLE
TRUST DATED JULY 8, 2003

        Plaintiff,

v.

WILMINGTON SAVINGS FUND
SOCIETY, FSB, d/b/a CHRISTIANA
TRUST, NOT INDIVIDUALLY BUT
AS TRUSTEE FOR HILLDALE
TRUST and DOES 1-10, Inclusive

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 4:21-CV-03557-KAW

FIRST AMENDED COMPLAINT FOR:

1. WRONGFUL FORECLOSURE
2. VIOLATION OF UNIFORM COMMERCIAL CODE §3302, ET SEQ.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 15(a)(1)(B), Plaintiff

KEYHAN MOHANNA, individually and as Trustee of the KEYHAN

- 1 -

FIRST AMENDED COMPLAINT

MOHANNA REVOCABLE TRUST DATED JULY 8, 2003 ("Plaintiff" or "MOHANNA"), files this Complaint against Defendants WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR HILLDALE TRUST, herein after referred to as "WILMINGTON," in the capacity as the purported "foreclosing beneficiary," of Plaintiff's mortgage debt obligation, and Does 1-10, complains, pleads and alleges as follows:

## I.   **INTRODUCTION**

This is an action brought by Plaintiff MOHANNA, against Defendant WILMINGTON, and Does 1-10, inclusive, for Wrongful Foreclosure and Violation of *Uniform Commercial Code* (hereinafter referred to as "U.C.C.") *§3302* of the property located at: 1405 Greenwich Street, Unit #2, San Francisco, CA 94109, hereinafter referred to as the "Subject Property."

Plaintiff alleges that WILMINGTON was not the "foreclosing beneficiary" of the mortgage debt obligation as claimed on the Trustee's Deed of Sale, hereinafter referred to as "TDUS," recorded on January 24, 2018 as Instrument Number 2018-K570191-99 in the San Francisco County Recorder's Office. Plaintiff alleges there was no legal or valid assignment of the mortgage debt obligation to Defendant that gave them the legal right and/or authority to enforce the power of sale contained in the deed of trust to the Subject Property.

FIRST AMENDED COMPLAINT

Plaintiff alleges Defendant was not the "beneficiary," "holder in due course," or a "person entitled to enforce" the mortgage debt obligation pursuant to California *Civil Code §2924 et seq., Commercial Codes §§3201, 3203*, and *3302 et seq.*

The thrust of Plaintiff's case is that, as a result of fraudulent documents and egregious breaches of agreements involving the mortgage debt obligation to the Subject Property named Defendants named to this action was not the true beneficiary or a real party in interest under the Deed of Trust having the power to collect payments or to exercise the power of sale due to non-payment on the mortgage debt obligation.

This situation arises from the fact that the mortgage loan obligation to the Subject Property was canceled on February 19, 2013.   Defendants have claimed ownership to the mortgage debt obligation by recording instruments misleading and fraudulent instruments in the San Francisco County Recorder's office. Plaintiff adamantly disputes these instruments.

The true beneficiary is unknown after the chain of title to the property was irreversibly broken when the originator of Plaintiff's mortgage debt obligation failed to effectively transfer, assign and convey the transfer or purchase of the mortgage debt obligation to another prior to it being in default.   Thus, no negotiations of the note could have occurred.

- 3 -

FIRST AMENDED COMPLAINT

Plaintiff alleges that his real property is being falsely encumbered by parties through third party, off-record transactions.  Parties known and unknown to Plaintiff have used a system of filing false instruments within the public in a scheme to dispossess Plaintiff of his property.  Plaintiff alleges that Defendants willfully, negligently and with malice aforethought, filed, or caused to be filed, a series of documents known to be false at the time of the execution and filing of the instruments in the public record against Plaintiff's interests.

Plaintiff alleges that, if left outstanding, the records to the San Francisco County Recorder would be permanently corrupted at the expense of the Plaintiff and the public as a whole.  This is in direct contradiction to public policy.  The legislative intent of the Recording statute is corrupted by the allowance of a false instrument to adversely affect Plaintiff and future generations of Californians. Plaintiff, as citizens of the state of California, have rights to the legislation's intended purpose of the Recording statute and the protections afforded under such rights.

Plaintiff alleges that the beneficiary to a note and deed of trust, as a contract, is the party entitled to payment of the debt obligation, and such Article III standing must be proved up by the Law of Assignments (Article IX, U.C.C.), as more fully described below therein.  Any allegation of the agency relationship must rely upon

- 4 -

FIRST AMENDED COMPLAINT

a foundation of facts and evidence to such a relationship by parties with personal, first-hand knowledge of those facts.

## II.   STATEMENT OF JURISDICTION

This Court has original jurisdiction over the claims in this action based on *28 U.S.C. §1331, 15 U.S.C. §1692, et seq.*, and *28 U.S.C. §1367* for supplemental state claims and *42 U.S.C. §1983* which confer original jurisdiction on federal district courts in suits to address the deprivation of rights secured by federal law.

The unlawful conduct, illegal practices, and acts complained of and alleged in this   Complaint were all committed in the Northern District of California and involved real property located in the Northern District of California.   Therefore, venue properly lies in this District, pursuant to *28 U.S.C. §1391(b)*.

## III.   DATE OF DETERMINATION

Plaintiff herein requests that the date of the Judicial determination sought be that of the date of the filing of the initial Complaint which was May 11, 2021.

## IV.   IDENTITY OF PARTIES

At all relevant times, Plaintiff MOHANNA, is a resident of the Subject Property and has an equitable interest of title to the Subject Property.

Plaintiff is informed and believe, and thereon alleges, that at all times relevant hereto Defendant, WILMINGTON is a Delaware Corporation and mortgage institution that is a subsidiary of WSFS BANK.  Plaintiff is informed and

- 5 -

FIRST AMENDED COMPLAINT

believe Defendant WILMINGTON is one who regularly collects or attempts to collect, directly or indirectly, debts owed to due or asserted to be owed or due to themselves or asserted to be owed or due another and attempts to enforce security interests in real properties. WILMINGTON is a "debt collector" pursuant to the California Fair Debt Collection Practices Act, hereinafter referred to as the "Rosenthal Act," *Civil Code §1788, et seq.* and the federal Fair Debt Collections Practices Act, hereinafter referred to as "FDCPA." WILMINGTON is a "debt collector" pursuant to the FDCPA, *15 U.S.C §1692a(6)*. WILMINGTON claimed to be the "foreclosing beneficiary, of Plaintiff's mortgage debt obligation on January 3, 2018.

Plaintiff is unaware of the true names and capacities of any individuals and/or entities sued herein under the fictitious names DOES 1 to 10, inclusive or, to the extent that the names of such individuals or entities may become known to Plaintiff, and as such Plaintiff cannot state with any certainty that such a Cause of Action lies herein as against such individuals or entities, or Plaintiff is unable to allege the elements of such Cause of Action, at this time, and as such said Defendants are herein named in accordance with the provisions of (*Cal Code of Civil Procedure Sec. 474*). Plaintiff thereon reserves the right to amend instant Complaint to allege the true names and capacities of such fictitiously named Defendants when the same become known or when it has been ascertained with

FIRST AMENDED COMPLAINT

reasonable certainty that such Cause of Action hereunder can be satisfactorily stated and maintained as against each such fictitiously named individual or entity.

Plaintiff is informed and believe and thereon alleges, that in committing certain acts alleged, some or all of the Defendants named were acting as the Agents, Joint Ventures, Partners, Representatives, Subsidiaries, Affiliates, Associates, Successors, Assigns and/or Employees and/or Agents or some or all of the other Defendants, and that some or all of the conduct of such Defendants, as complained of herein, was within the course and scope and agency of such relationship.

Plaintiff is informed and believe Defendant WILMINGTON is one who enforces security interests by taking and/or threatens to take any nonjudicial action to effect dispossession or disablement of property without the legal right or authority to do so within the meaning of the FDCPA *15 U.S.C. §1692f(6)*. Plaintiff is informed and believe Defendant WILMINGTON was not the "foreclosing beneficiary" of the mortgage debt obligation and therefore wrongfully foreclosed on the subject property, thereby violating the foreclosure statutes pursuant to on the subject property, thereby violating the foreclosure statutes pursuant to California *Civil Code §2924, et seq.*

Defendants, and each of them, knowingly and willfully conspired, engaged in a common enterprise, and engaged in a common course of conduct to

- 7 -

FIRST AMENDED COMPLAINT

accomplish the wrongs complained herein.   The purpose and effect of the conspiracy, common enterprise, and common course of conduct complained of was, inter alia, to financially benefit Defendants at the expense of Plaintiff by engaging in fraudulent activities.   Defendants accomplished their conspiracy, common enterprise, and common course of conduct by misrepresenting and concealing material information regarding the servicing of loans, and by taking steps and making statements in furtherance of their wrongdoing as specified herein.  Each Defendant was a direct, necessary and substantial participant in the conspiracy, common enterprise and common course of conduct complained of herein, and was aware of its overall contribution to and furtherance thereof. Defendants' wrongful acts include, inter alia, all of the acts that each of them are alleged to have committed in furtherance of the wrongful conduct of complained of herein.

Any applicable statute of limitations have been tolled by the Defendants' continuing, knowing, and active concealment of the facts alleged herein.  Despite exercising reasonable diligence, Plaintiff could not have discovered, did not discover, and was prevented from discovering, the wrongdoing complained of herein.

In the alternative, Defendants should be estopped from relying on any statutes of limitations.  Defendants have been under a continuing duty to disclose

- 8 -

FIRST AMENDED COMPLAINT

the true character, nature, and quality of their financial services, debt collections practices and foreclosure of Plaintiff's property.  Defendants owed Plaintiff an affirmative duty of full and fair disclosure, but knowingly failed to honor and discharge such duty.

Plaintiff alleges on information and belief that each of these Defendants were in some manner legally responsible for the acts herein alleged and for Plaintiff's damages.

Plaintiff alleges that an actual controversy has arisen and now exists between Plaintiff and Defendant.

## V.    SUBJECT REAL PROPERTY AT ISSUE

The Real Property (herein after referred to as "Property"), the subject of any and all claims of any of the Parties hereto, and which is the subject of instant action, and that of which Plaintiff prays for a Decree and/or Order of Declaratory Relief and Quiet Title thereto.    The "Subject Property" address and legal description is as follows:  1405 Greenwich Street, #2, San Francisco, CA 94109. More particularly, the legal description of this property is:

CONDOMINIUM UNIT NO. 2, LOT 51, INCLUSIVE, AS SHOWN UPON THE CONDOMINIUM MAP AND DIAGRAMMATIC FLOOR PLAN ENTITLED "MAP OF 1405 GREENWICH STREET" WHICH WAS FILED FOR RECORD ON DECEMBER 10, 1999 IN PARCEL MAP BOOK 44, PAGES

FIRST AMENDED COMPLAINT

60 TO 65, INCLUSIVE, AND THE "AMENDMENT TO CONDOMINIUM PLAN" RECORDED MAY 5, 2000 AS DOCUMENT NO. 2000-G769926-00, IN THE OFFICE OF THE RECORDER OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA (REFERRED TO HEREIN AS "THE MAP"), AND AS FURTHER DEFINED IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS OF 1405 GREENWICH STREET HOMEOWNERS ASSOCIATION RECORDED ON MAY 5, 2000 AS DOCUMENT NO. 2000-G769926-00, OFFICIAL RECORDS OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA (REFERRED TO HEREIN AS "THE DECLARATION").

Assessor's Parcel No: 0523-051.

## VI.   FACTUAL ALLEGATIONS

1.     Plaintiff MOHANNA is an individual currently residing in the County of San Francisco who claims an equitable interest in the Subject Property.

2.     On August 18, 2005, Plaintiff executed a Deed of Trust and Promissory Note (mortgage debt obligation) in favor of Countrywide Bank, a Division of Treasury Bank, as the lender, hereinafter referred to as "Countrywide." The deed - of trust was recorded on August 24, 2005.

3.     After falling behind in payments due to the financial crash in 2008, Plaintiff's mortgage debt obligation went into default.  As a result of Plaintiff's

FIRST AMENDED COMPLAINT

default, a Notice of Default, hereinafter referred to as "NOD," was recorded in February of 2012.  Because payment was not made after the NOD was recorded, a Notice of Trustee's Sale, hereinafter referred to as "NOTS," was recorded in August of 2014.   In working with his mortgage loan servicer and purported beneficiary of the mortgage debt obligation at the time, Bank of America, hereinafter referred to as "BofA," Plaintiff was able to work out a deal which resulted in the cancellation of the mortgage debt obligation.

4.      On February 19, 2013, Bank of America, canceled Plaintiff's mortgage debt obligation.  Shortly after the debt obligation was canceled, Plaintiff received a 1099-C from Bank of America evidencing the cancellation of debt.  Attached as Exhibit "A" and incorporated herein by reference is a true and correct copy of the 1099-C from BofA.

5.      On or about November 17, 2014, an Assignment of Deed of Trust was executed by Bank of America, N.A. Successors by Merger to BAC Home Loan Servicing, LP, FKA Countrywide Home Loans Servicing LP that purportedly, for value received, granted, sold, assigned, transferred and conveyed all beneficial interest under the Deed of Trust to Ventures Trust 2013-I-H-R by MCM Capital Partners LLC, It's Trustee, hereinafter referred to as "Ventures."  This instrument was recorded in the San Francisco County Recorder's Office on Tuesday, March 3, 2015 as instrument number K028196-00.  Plaintiff alleges the underlying mortgage

- 11 -

FIRST AMENDED COMPLAINT

debt obligation (Note) was not transferred or delivered.   Plaintiff is informed, believe, and thereon alleges, by operation of law, the deed of trust follows the note without a separate assignment not the other way around as Defendants have claimed.   At the time this Assignment of Deed of Trust was executed, the mortgage debt obligation was canceled as of February 19, 2013.   Plaintiff alleges no assignment of the note was executed nor was there a delivery of the note to Ventures.   Plaintiff adamantly disputes the truthfulness, accuracy, and contents of this Assignment of Deed of Trust.

6.     On or about April 20, 2016, a Substitution of Trustee, hereinafter referred to as "SOT," was executed and subsequently recorded in the San Francisco County Recorder's office.   The SOT purportedly substituted the foreclosing trustee from the Trustee named in the Deed of Trust to the Law Office of Les Zieve.   The SOT is purportedly signed by the "present Beneficiary" under the said Deed of Trust, which states is Ventures.   Plaintiff alleges that at the time this SOT was executed, his mortgage debt obligation was canceled as of February 19, 2013, therefore, there was not a "present Beneficiary" under the Deed of Trust.   Plaintiff adamantly disputes the truthfulness, accuracy, and contents of the SOT.

7.     On January 31, 2017, a second Assignment of Deed of Trust was executed by Ventures that purportedly, "For good and valuable consideration," conveyed, granted, sold, assigned and set over, and transferred the Deed of Trust, but not the

- 12 -

FIRST AMENDED COMPLAINT

Note, to Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, not Individually But as Trustee for Ventures Trust 2013-I-H-R, A Delaware Trust, hereinafter referred to as "WILMINGTON." This Assignment of Deed of Trust was recorded in the San Francisco County Recorder's office on Tuesday, October 31, 2017 as instrument number 2017-K496609-00. Plaintiff is informed, believe, and thereon alleges, by operation of law, the deed of trust follows the note without a separate assignment not the other way around as Defendants have claimed. At the time this Assignment of Deed of Trust was executed, the mortgage debt obligation was canceled as of February 19, 2013, therefore there was nothing owed on the mortgage debt obligation and as such there was no default. Plaintiff alleges no assignment of the note was executed nor was there a delivery of the note to WILMINGTON. Plaintiff adamantly disputes the truthfulness, accuracy, and contents of this Assignment of Deed of Trust.

8.     On September 26, 2017, a third Assignment of Deed of Trust was executed that purportedly, "For good and valuable consideration," granted, assigned, transferred to Defendant WILMINGTON. This Assignment of Deed of Trust was recorded on Tuesday, October 31, 2017 in the San Francisco County Recorder's office as instrument number 2017-K533242-00. Plaintiff is informed, believe, and thereon alleges, by operation of law, the deed of trust follows the note without a separate assignment not the other way around as Defendants have claimed. At the

FIRST AMENDED COMPLAINT

time this Assignment of Deed of Trust was executed, the mortgage debt obligation was canceled as of February 19, 2013, therefore there was nothing owed on the mortgage debt obligation and as such there was no default. Plaintiff alleges no assignment of the note was executed nor was there a delivery of the note to Defendant WILMINGTON. Plaintiff adamantly disputes the truthfulness, accuracy, and contents of this Assignment of Deed of Trust.

9.    On January 3, 2018, Defendants proceeded with a non-judicial foreclosure against the Subject Property. A TDUS was recorded in the San Francisco County Recorder's office on January 24, 2018 that named Defendant WILMINGTON as the "foreclosing beneficiary" on January 3, 2018. Plaintiff alleges that WILMINGTON was not the foreclosing beneficiary of his mortgage debt obligation. One, the mortgage debt obligation was canceled on February 19, 2013 and two, there is no Assignment of Note executed and/or recorded that shows WILMINGTON was an entity entitled to enforce. Plaintiff adamantly disputes the truthfulness, accuracy, and contents of the TDUS.

10.    Plaintiff could not have reasonably known the Defendant had a legal and colorable claim to his mortgage debt obligation. Plaintiff alleges he was deceived and deprived of Defendants claim to be the foreclosing beneficiary of his mortgage debt obligation. Plaintiff did not discover that Defendant was named as the foreclosing beneficiary of his mortgage debt obligation until he reviewed the

FIRST AMENDED COMPLAINT

TDUS and compared it with the Assignment of Deed of Trust and the SOT on Tuesday, May 4, 2021.

11.    It is an undisputed fact that Defendant WILMINGTON was a debt collector under the Rosenthal Act (*Civil Code §1788.2(c)*) and the FDCPA (*15 U.S.C. §1692a(6)*).  Plaintiff alleges that Defendant WILMINGTON never became a "holder" or a "holder in due course" of Plaintiff's mortgage debt obligation pursuant to U.C.C. §3302.

12.    As a result of Defendants' conduct, Plaintiff has been forced to file this lawsuit and enforce his rights against Defendants.  Plaintiff has suffered from emotional distress, depression, mental anguish, and anxiety as a result of Defendants' actions and the subsequent loss of the Subject Property.

## FIRST CAUSE OF ACTION – WRONGFUL FORECLOSURE
### [Against Defendant and Doe Defendants]

13.    Plaintiff re-alleges hereby incorporates by reference all preceding paragraphs as though fully set forth hereafter.

14.    Plaintiff is informed and believes, and alleges the mortgage debt obligation, Note and Deed of Trust were not originated by Defendant WILMINGTON and Does 1-10, inclusive, and each of them.  Although Defendant WILMINGTON claims to have been the foreclosing beneficiary of the mortgage debt obligation, there are no documents in the recorded chain of title to the Subject

- 15 -

Property that leads to Defendant WILMINGTON's ownership of the mortgage debt obligation.

15.   Despite the fact that the mortgage debt obligation was canceled on February 19, 2013, upon information and belief, Defendant was not the foreclosing beneficiary of Plaintiff's mortgage debt obligation on January 3, 2018 as claimed on the TDUS.  Plaintiff is informed and believes and alleges that WILMINGTON never had an interest in neither the Note nor the Deed of Trust that would have given them the authority to proceed with a non-judicial foreclosure due to non-payment on January 3, 2018.

16.  Plaintiff is informed and believes and alleges, Defendants WILMINGTON and Does 1-10, inclusive, and each of them, did not have ownership and/or possession of the Note and Deed of Trust on January 3, 2018.  Plaintiff is informed and believes and alleges Defendants WILMINGTON and Does 1-10, inclusive, and each of them, failed to negotiate and obtain possession of the mortgage debt obligation (both the Note and Deed of Trust) because the debt was canceled on February 19, 2013 by BofA and because, if the debt was not canceled, they failed to cure the default and/or overdue payments.  Plaintiff is informed and believes and alleges that negotiation of a note cannot take place if there is an uncured default in respect to payments.

//

- 16 -

FIRST AMENDED COMPLAINT

17.     Plaintiff is informed and believes, and alleges that Defendants WILMINGTON and Does 1-10, inclusive, and each of them, failed to strictly follow the mandatory requirements of *Civil Code 2924(a)(1)(C)*. According to the statute, a stranger to a mortgage debt obligation cannot elect to invoke the power of sale in a deed of trust.   The power of sale is reserved exclusively for the "beneficiary" of the mortgage debt obligation.   Plaintiff is informed and believes, and alleges Defendants WILMINGTON, Does 1-10, inclusive, and each of them, and any other entity, were complete strangers to the mortgage debt obligation. Plaintiff is informed and believes and alleges that said Defendants fabricated the TDUS to demonstrate their false authority.

18.     Plaintiff is informed and believes Defendants WILMINGTON and/or Does 1-10, inclusive, and each of them, did not have the legal right or authority to initiate and complete a foreclosure sale on January 3, 2018 because they were not the "beneficiary," "holder in due course," "person entitled to enforce," or an agent of the true "beneficiary," "holder in due course," or a "person entitled to enforce."

19.     Plaintiff is informed and believes that Defendants WILMINGTON and Does 1-10, inclusive, and each of them, was not a "holder in due course" pursuant to *Commercial Code §3302 et seq.*   Plaintiff further is informed and believes that Defendant WILMINGTON was not a "holder in due course" despite the fact the mortgage debt obligation was canceled on February 19, 2013.

FIRST AMENDED COMPLAINT

20.    Plaintiff is informed and believes and alleges that by Defendant WILMINGTON was aware that Plaintiff's mortgage debt obligation had an uncured default in respect to the installment payments.

21.    Plaintiff is informed and believes, and alleges Defendants WILMINGTON and Does 1-10, inclusive, and each of them caused the above stated foreclosure related documents recorded from February 2012 to January 3, 2018, misrepresented material information relating to the recorded documents. Plaintiff is informed and believes and alleges Defendants WILMINGTON and Does 1-10, inclusive, and each of them, did not review or determine whether the recorded documents executed in connection with Plaintiff's mortgage debt obligation recorded on August 18, 2005 were accurate and complete based on governing foreclosure laws, and/or competent and reliable evidence.

22.    Plaintiff is informed and believes and alleges that there is no evidence of a recorded Assignment of Note and delivery to Defendants WILMINGTON and Does 1-10, inclusive, and each of them, to evidence the change in the beneficiary. Upon information and belief, Plaintiff alleges there is no recorded unbroken chain of title to Defendants WILMINGTON and/or Does 1-10, inclusive, and each of them.

23.    Plaintiff is informed and believes and alleges that the foreclosing trustee substituted by Ventures did not legally substitute the foreclosing trustee who

- 18 -

FIRST AMENDED COMPLAINT

carried out the non-judicial foreclosure on January 3, 2018.  Plaintiff is informed and believes and alleges that the Law Offices of Les Zieve was not legally substituted because said Ventures was not the "beneficiary," "holder in due course," or a "person entitled to enforce," of the mortgage debt obligation, Note and Deed of Trust, who had the legal authority to execute the SOT to give authority to the foreclosing trustee in violation of *Civil Code §2934(a)*.

24.     Plaintiff is informed and believes and alleges the foreclosing trustee was not the proper and legal trustee pursuant to *Civil Code 2934, et seq.* at the time of the sale and therefore the foreclosure that occurred on January 3, 2018 is void as a matter of law and not in compliance with *Civil Code section 2924, et seq.*

25.     Plaintiff  is  informed  and  believes  and  alleges  Defendants WILMINGTON and Does 1-10, inclusive, and each of them, violated *Civil Code §2924, et seq.* by commencing and concluding a non-judicial foreclosure sale on January 3, 2018 because they were not the legally authorized "beneficiary," "holder in due course," and/or "person entitled to enforce" the Note and the power of sale contained in the Deed of Trust.

26.     Plaintiff  is  informed  and  believes  and  alleges  Defendants WILMINGTON and Does 1-10, inclusive, and each of them, violated *Civil Code §2924, et seq.* by foreclosing on the Subject Property without having the authority to enforce the power of sale contained in the Deed of Trust.  Plaintiff is informed

- 19 -
FIRST AMENDED COMPLAINT

and believes and alleges that because said were not the "beneficiaries," "holders in due course," or a "persons entitled to enforce" the Note and Deed of Trust, they committed illegal and fraudulent activity and acted with willful oppressiveness and malice toward Plaintiff.

27.     Plaintiff is informed and believes and alleges the conduct described above by Defendants WILMINGTON and Does 1-10, inclusive, and each of them, were malicious because they knew, or should have known, they were not acting on behalf of the current pecuniary beneficiary of the Note and Deed of Trust the Law Offices of Les Zieve was not the foreclosing trustee properly substituted.

28.     Upon information and belief, Plaintiff alleges that despite such knowledge, Defendants WILMINGTON and Does 1-10, inclusive, and each of them, continued to demand mortgage payments and proceeded with enforcing the power of sale contained in the Deed of Trust by foreclosing on the Subject Property on January 3, 2018.

29.     Plaintiff is informed and believes, and alleges Defendants WILMINGTON and Does 1-10, inclusive, and each of them, had actual knowledge of the falsity of the recorded documents related to Plaintiff's mortgage debt obligation between February of 2012 to January of 2018.   Plaintiff alleges Defendants knew the true facts were: (1) Plaintiff's original lender Countrywide did not transfer the Note to Ventures in 2014; (2) Ventures could not and did not

FIRST AMENDED COMPLAINT

transfer any interest in the Note to said Defendants because Ventures had no interest in the Note and/or Deed of Trust to assign and/or transfer to anyone; (3) the mortgage debt obligation was canceled on February 19, 2013; (4) that by operation of law, the mortgage debt obligation was statutory barred from enforcement due to cancellation of the debt; that pursuant to U.C.C. §§3203 *et seq.*, *3302 et seq.* said Defendants could not be a "beneficiary," "holder in due course," or a "person entitled to enforce" the Note and/or the power of sale in the Deed of Trust; and (5) Defendants WILMINGTON or Does 1-10, inclusive, and each of them, did not have any legal or beneficial interest in the Note or Deed of Trust before January 3, 2018.

30.    Plaintiff is informed and believes and alleges Defendants WILMINGTON and Does 1-10, inclusive, and each of them, cause the above stated documents from February 2012 to January 2018 to be fabricated so as to make it appear they held a legal or beneficial interest in the Note and Deed of Trust and a legal secured interest in the Subject Property even though said Defendants had actual knowledge of the falsity of the documents related to Plaintiff's Note and Deed of Trust until the present since they knew at the time those documents were executed and recorded the true facts were: (1) Plaintiff's original lender Countrywide did not transfer the Note to Ventures; (2) Ventures could not transfer any interest in the Note to said Defendants because Ventures had no interest in the

- 21 -

FIRST AMENDED COMPLAINT

Note and/or Deed of Trust to assign and/or transfer to anyone; (3) the mortgage debt obligation was canceled on February 19, 2013; (4) that by operation of law, the mortgage debt obligation was statutory barred from enforcement due to the cancellation of the debt; that pursuant to *U.C.C. §§3203 et seq., 3302 et seq.* said Defendants could not be a "beneficiary," "holder in due course," or a "person entitled to enforce" the Note and/or the power of sale in the Deed of Trust; and (5) Defendants WILMINGTON or Does 1-10, inclusive, and each of them, did not have any legal or beneficial interest in the Note, Deed of Trust, or the  mortgage debt obligation on or before January 3, 2018.

31.   Plaintiff is informed and believes, and alleges Defendants WILMINGTON and Does 1-10, inclusive, and each of them, violated *Civil Code §2924, et seq.* by foreclosing on the Subject Property without having the authority to enforce the power of sale contained in the Deed of Trust.  Plaintiff is informed and believes, and alleges that because Defendants WILMINGTON and Does 1-10, inclusive, and each of them, were not the "beneficiaries," "holders in due course," or a "person entitled to enforce" the Note, Deed of Trust, or the mortgage debt obligation, they committed illegal and fraudulent activity and acted with willful oppressiveness and malice toward Plaintiff.

32.   Plaintiff is informed and believes and alleges tender of the debt is not required because Plaintiff alleges Defendants WILMINGTON and Does 1-10,

FIRST AMENDED COMPLAINT

inclusive, and each of them was not the foreclosing beneficiary and/or the agent of the true beneficiary, owner, holder in due course, or the "persons entitled to enforce" his mortgage debt obligation.

## SECOND CAUSE OF ACTION – VIOLATION OF UNIFORM COMMERCIAL CODE §3302, ET SEQ.
[Against Defendant and Doe Defendants]

33.     Plaintiff re-alleges hereby incorporates by reference all preceding paragraphs as though fully set forth hereafter.

34.     Plaintiff alleges Defendants WILMINGTON and Does 1-10, inclusive, and each of them, violated *U.C.C. §3302.*  Pursuant to *U.C.C. §3302(a)(1),* by operation of law, Defendants were not a holder in due course nor did they negotiate Plaintiff's mortgage debt obligation due to an uncured default and the fact that the mortgage debt obligation was canceled on February 19, 2013.

35.     Upon information and belief, Plaintiff alleges Defendants WILMINGTON and Does 1-10, inclusive, and each of them, failed to take Plaintiff's mortgage debt obligation for value pursuant to *U.C.C. §3302(a)(2)(A).*

36.     Upon information and belief, Plaintiff alleges Defendants WILMINGTON and Does 1-10, inclusive, and each of them, failed to take Plaintiff's mortgage debt obligation in good faith pursuant to *U.C.C. §3302(a)(2)(B).*

37.     Upon information and belief, Plaintiff alleges Defendants WILMINGTON and Does 1-10, inclusive, and each of them, if the mortgage debt obligation had not

FIRST AMENDED COMPLAINT

been canceled on February 19, 2013, failed to take Plaintiff's mortgage debt obligation without notice that there was an uncured default with respect to payment pursuant to *U.C.C. §3302(a)(2)(C)*.

38.   Upon information and belief, Plaintiff alleges Defendants WILMINGTON and Does 1-10, inclusive, and each of them, failed to take Plaintiff's mortgage debt obligation without notice that the instrument contained an unauthorized signature or has been altered pursuant to *U.C.C. §3302(a)(2)(D)*.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays to the Court for judgment against Defendants for relief as follows:

1.   On the claim for Wrongful Foreclosure and violation of the U.C.C. an award of general and special damages in an amount to be determined according to proof at trial, but not less than $3,500,000.00;

2.   For punitive and exemplary damages in an amount to be determined to proof at trial;

3.   For an order compelling Defendants to remove and/or cancel any instrument which does or could be construed as constituting a cloud upon the Subject Property;

- 24 -

4.  For a declaration of the rights and duties of Defendants for their violation

of the laws that governs a nonjudicial foreclosure in the State of California;

5.  For Cancelation of the Trustee's Deed Upon Sale recorded in the San

Francisco County Recorder's Office on January 24, 2018 as Instrument No. 2018-

K570191-00,

5.  For reasonable attorney's fees incurred, if any,

6.  For costs of suit; and

7.  For such additional and further relief as the Court may deem proper and

reasonable.


DATED:  July 30, 2021

Respectfully submitted by:

_Keyhan Mohanna_

Keyhan Mohanna, individually and as Trustee
of the Keyhan Mohanna Revocable Trust Dated
July 8, 2003
Plaintiff

FIRST AMENDED COMPLAINT



# EXHIBIT "A"

Bank of America

Home Loans

400 NATIONAL WAY
SIMI VALLEY, CA 93065-6298

Statement Date
01/21/2014

1 of 2

**IMPORTANT TAX RETURN DOCUMENT ENCLOSED**

Account Number  111399333

Property Address
1405 GREENWICH STREET, UNIT 2

KEYHAN MOHANNA
1405 GREENWICH ST APT 6
SAN FRANCISCO, CA  94109-0221

---

## Instructions for Debtor

You received this form because a Federal Government agency or an applicable financial entity (a lender) has discharged (canceled or forgiven) a debt you owed, or because an identifiable event has occurred that either is or is deemed to be a discharge of a debt of $600 or more. If a creditor has discharged a debt you owed, you are required to include the discharged amount in your income, even if it is less than $600, on the "Other income" line of your Form 1040. However, you may not have to include all of the canceled debt in your income. There are exceptions and exclusions, such as bankruptcy and insolvency. See Pub. 4681, available at IRS.gov, for more details. If an identifiable event has occurred but the debt has not actually been discharged, then include any discharged debt in your income in the year that it is actually discharged, unless an exception or exclusion applies to you in that year.

**Account number.** May show an account or other unique number the creditor assigned to distinguish your account.

**Box 1.** Shows the date the earliest identifiable event occurred or, at the creditor's discretion, the date of an actual discharge that occurred before an identifiable event. See the code in box 6.

**Box 2.** Shows the amount of debt either actually or deemed discharged. Note, if you do not agree with the amount, contact your creditor.

**Box 3.** Shows interest if included in the debt reported in box 2. See Pub. 4681 to see if you must include the interest in gross income.

**Box 4.** Shows a description of the debt. If box 7 is completed, box 4 also shows a description of the property.

**Box 5.** Shows whether you were personally liable for repayment of the debt when the debt was created or, if modified, at the time of the last modification. See Pub. 4681 for reporting instructions.

**Box 6.** May show the reason your creditor has filed this form. The codes in this box are described in more detail in Pub. 4681. A-Bankruptcy; B-Other judicial debt relief; C-Statute of limitations or expiration of deficiency period; D-Foreclosure election; E-Debt relief from probate or similar proceeding; F-By agreement; G-Decision or policy to discontinue collection; H-Expiration of nonpayment testing period; or I-Other actual discharge before identifiable event.

**Box 7.** If, in the same calendar year, a foreclosure or abandonment of property occurred in connection with the cancellation of debt, the fair market value (FMV) of the property will be shown, or you will receive a separate Form 1099-A. Generally, the gross foreclosure bid price is considered to be the FMV. For an abandonment or voluntary conveyance in lieu of foreclosure, the FMV is generally the appraised value of the property. You may have income or loss because of the acquisition or abandonment. See Pub. 4681 for information about foreclosures and abandonments. If the property was your main home, see Pub. 523 to figure any taxable gain or ordinary income.

**Future developments.** For the latest information about developments related to Form 1099-C and its instructions, such as legislation enacted after they were published, go to *irs.gov/form1099c*.

---

☐ CORRECTED (if checked)   ☐ VOID (if checked)

| | | |
|---|---|---|
| CREDITOR'S name, street address, city or town, province or state, country, ZIP, or foreign postal code, and telephone no.<br><br>BANK OF AMERICA, N.A.<br>400 NATIONAL WAY<br>SIMI VALLEY, CA  93065-6298<br>1-800-669-6607 | **1** Date of identifiable event<br>February 19, 2013 | OMB No. 1545-1424 |
| | **2** Amount of debt discharged<br>774,936.84 | **2013** |
| | **3** Interest included in box 2<br>0.00 | Form **1099-C** |
| | | **Cancellation of Debt** |

| CREDITOR'S federal identification number | DEBTOR'S identification number | **4** Debt description | **Copy B** |
|---|---|---|---|
| 94-1687665 | XXX-XX-8912 | | **For Debtor** |

DEBTOR'S name, Street address (including apt. no.), City or town, province or state, country, and ZIP or foreign postal code

KEYHAN MOHANNA
1405 GREENWICH ST APT 6
SAN FRANCISCO, CA  94109-0221

**4** (Debt description)
1405 GREENWICH STREET, UNIT 2
SAN FRANCISCO, CA  94109

This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported.

**5** If checked, the debtor was personally liable for repayment of the debt . . . . . . . . . . ☐

Account number (see instructions)
111399333

**6** Identifiable event code
A

**7** Fair market value of property

Form **1099-C**          (keep for your records)          irs.gov/form1099c          Department of the Treasury - Internal Revenue Service

**CERTIFICATE OF SERVICE**
Keyhan Mohanna, Et Al v. Wilmington Savings Fund Society, FSB, D/B/A Christiana
Trust, Not Individually But As Trustee for Hilldale Trust
United States District Court – Northern District of California
Case No. 4:21-cv-03557-KAW

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.   My business address is 9431 Haven Avenue, Suite 100-280, Rancho Cucamonga, California 91730.  On August 2, 2021, I served the following document(s) by the method indicated below:

**FIRST AMENDED COMPLAINT**

[ ]   by transmitting via facsimile on this date the document(s) listed above to the facsimile numbers set forth below.  The transmission was completed before the close of business and was reported complete and without error.

[ X ]  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Rancho Cucamonga, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date on postage meter date is more than one day after the date of deposit in this Declaration.

[ ]   BY CM/ECF ELECTRONIC DELIVERY:  In accordance with the registered case participants and in accordance with the procedures set forth at the United States District Courts, Central District of California website https://ecf.cacd.uscourts.gov.

[ ]   by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.  A copy of the consignment slip is attached to this proof of service.

(See Attached Service List)
    I declare under penalty of perjury under the laws of the United States that the above is true and correct.

    Executed on August 2, 2021, at Rancho Cucamonga, California.

Trina Patterson

- 1 -

**CERTIFICATE OF SERVICE**

**SERVICE LIST**

Keyhan Mohanna, Et Al v. Wilmington Savings Fund Society, FSB, D/B/A Christiana
Trust, Not Individually But As Trustee for Hilldale Trust
United States District Court – Northern District of California
Case No. 4:21-cv-03557-KAW

Authorized Agent for Defendant WILMINGTON SAVINGS FUND SOCIETY, FSB,
d/b/a CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR
HILLDALE TRUST

WRIGHT, FINLAY & ZAK, LLP
c/o Gwen H. Ribar   SBN 188024
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Telephone:  (949) 477-5050
Facsimile:   (949) 477-9200
Email:  gribar@wrightlegal.net

WRIGHT, FINLAY & ZAK, LLP
c/o Todd Chvat   SBN 238282
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Telephone:  (949) 477-5050
Facsimile:   (949) 477-9200
Email:  tchvat@wrightlegal.net

- 2 -

**CERTIFICATE OF SERVICE**