UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYHAN MOHANNA,<br><br>    Plaintiff,<br><br>    v.<br><br>WILMINGTON SAVINGS FUND SOCIETY FSB,<br><br>    Defendant. | Case No. 4:21-cv-03557-KAW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 25, 26 |

On August 17, 2021, Defendant Wilmington Savings Fund Society, FSB (d/b/a Christiana Trust, not individually but as trustee for Hilldale Trust) filed a motion to dismiss Plaintiff Keyhan Mohanna's first amended complaint.

On October 28, 2021, the Court held a hearing, and after careful consideration of the parties' arguments and the applicable legal authority, for the reasons set forth below, GRANTS Defendant's motion to dismiss without leave to amend, because any amendment would be futile.

### I.   BACKGROUND

On May 11, 2021, Plaintiff Keyhan Mohanna filed this lawsuit against Defendant Wilmington Savings Fund Society FSB alleging causes of action for wrongful foreclosure and violation of the Uniform Commercial Code § 3302. (First Am. Compl., "FAC," Dkt. No. 23 ¶¶ 13-38.)

On August 18, 2005, Plaintiff obtained a $704,000.00 mortgage loan (the "Loan") from originating lender Countrywide Bank, FSB, secured by real property commonly known as 1405 Greenwich Street, Unit #2, San Francisco, California 94109 (the "Subject Property") through a Deed of Trust recorded on August 24, 2005 (the "DOT"). (FAC ¶ 2; Req. for Judicial Notice, "RJN," Dkt. No. 26, Ex. 1.)  Plaintiff defaulted on the Loan beginning in March 2009, and a

Notice of Default was recorded on June 26, 2009. (RJN, Ex. 2.) On March 1, 2010, Plaintiff filed a Chapter 13 Bankruptcy petition (USBK Northern District, Case No. 10-bk-30701), and a second Notice of Default was later recorded on February 7, 2012, again referencing the date of default beginning with the March 2009 payment. (FAC ¶ 3; RJN, Ex. 3.)

On April 2, 2012, Plaintiff's bankruptcy petition was converted to a Chapter 7 and, on February 19, 2013, Plaintiff was discharged of personal liability on numerous debts. (FAC ¶ 4; RJN, Ex. 4.) In connection therewith, Plaintiff alleges that, "[o]n February 19, 2013, Bank of America, canceled Plaintiff's mortgage debt obligation" and claims he received a 1099-C from Bank of America shortly thereafter "evidencing the cancellation of debt." (FAC ¶ 4, Ex. A.) Plaintiff alleges that, as a result, the foreclosure sale was unlawful as the lien no longer existed. (FAC at 3:15-17, ¶¶ 3-10, 15, 19, 29-30, 34, 37.) The February 19, 2013 Discharge Order, however, provided that, "a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the discharged [] debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case." (RJN, Ex. 4 at 2.)

On April 19, 2017, a Mechanic's Lien was recorded against the entire building in favor of Chih-Hong Hsu ("Hsu") in the amount of $476,543.25 purportedly for work done to the Subject Property and other units located in the same building. (RJN, Ex. 5.) On or about May 11, 2017, Hsu assigned all rights to the Mechanic's Lien to "1275 Sherkat-Eh-Shargh-Va-Gharb, a general partnership on behalf of Alborz Fund Management III, a private holding entity" (the "Sherkat Entity"). (RJN, Ex. 6.) On May 23, 2017, Plaintiff, signing under an entity named "1405 Greenwich Street, HOA, a Trust," conveyed all interest in and to the Subject Property and other units in the same building to the Sherkat Entity via a "Deed in Lieu of Foreclosure". (RJN, Ex. 7.) Thereafter, on or about July 25, 2017, the Sherkat Entity conveyed all title and interest in and to the Property to "3H Renovation Services" by Grant Deed recorded on July 31, 2017. (RJN, Ex. 8.) On or about October 30, 2017, Plaintiff then purportedly leased the Property, along with all other units in the building, with an option to buy from 3H Renovation Services pursuant to an alleged lease recorded on November 1, 2017. (RJN, Ex. 9.) The managing member of 3H Renovation Services is Hsu. *Id.* Although the lease was signed by "3H Renovation Services," it identifies

1   Plaintiff as the "Lessor" and "KMInSTYLE Hospitality and Transportation Services, LLC" as the
2   Lessee. *Id.*
3         With respect to the subject lien/loan's ownership, on March 3, 2015, an Assignment of
4   Deed of Trust was recorded evidencing the transfer of beneficial interest under the DOT from
5   Bank of America, N.A., as successor to Countrywide, to Ventures Trust 2013-I-H-R. (FAC ¶ 5;
6   RJN, Ex. 10.) On May 2, 2016, a Substitution of Trustee was recorded whereby Ventures Trust
7   2013-I-H-R substituted the Law Offices of Les Zieve as the new DOT Trustee. (FAC ¶ 6; RJN,
8   Ex. 11.) On August 21, 2017, an Assignment of Deed of Trust was recorded evidencing the
9   transfer of beneficial interest under the DOT from Ventures Trust 2013-I-H-R to Wilmington
10  Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Ventures Trust 2013-I-H-R.
11  (RJN, Ex. 12.) Thereafter, on October 31, 2017, a final Assignment of Deed of Trust was
12  recorded evidencing the transfer of beneficial interest under the DOT from Wilmington Savings
13  Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Ventures Trust 2013-I-H-R to Defendant
14  Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as Trustee for
15  Hilldale Trust. (FAC ¶ 8; RJN, Ex. 13.)
16        Fay Servicing, LLC was the servicer of the Loan and attorney-in-fact for Wilmington. As a
17  result of Plaintiff's continuing default on the Loan stemming from the March 2009 payment, a
18  Notice of Trustee's Sale was recorded on December 12, 2017, setting the foreclosure sale for
19  January 3, 2018. (FAC ¶ 9; RJN, Ex. 14.) The foreclosure sale went forward as scheduled on
20  January 3, 2018 and Wilmington acquired title to the Property as the highest bidder via a Trustee's
21  Deed Upon Sale recorded on January 24, 2018. (RJN, Ex. 15.) On March 22, 2021, Wilmington,
22  by and through its servicer and attorney-in-fact Fay Servicing, LLC, sold the Property to its
23  current owner MM Club LLC. (RJN, Ex. 16.)
24        On March 12, 2018, 3H Renovation Services, the entity that held title to the Subject
25  Property, filed a lawsuit ("2018 Lawsuit") concerning the Subject Property against Wilmington's
26  servicer and attorney-in-fact, Fay Servicing, LLC, as well as DOT Trustee Zieve, Brodnax &
27  Steele. (RJN, Ex. 29.) On February 28, 2019, a second amended complaint was filed, which
28  alleged several causes of action including wrongful foreclosure based on the claim that the Loan

was forgiven or cancelled in 2013 and could not be foreclosed upon, and the defendants lacked standing to foreclose. (RJN, Ex. 30 ¶¶ 15-17, 20, 23-24, 27, 43, 49-50, 73, 77.) On March 29, 2019, the defendants filed a demurrer to the SAC. (RJN, Ex. 31.) On May 1, 2019, the demurrer was sustained without leave to amend. (RJN, Ex. 32.) On August 6, 2019, judgment was entered, and the 2018 Lawsuit was dismissed with prejudice. (RJN, Ex. 33.)

On August 4, 2021, Plaintiff filed a first amended complaint. On August 17, 2021, Defendant filed a motion to dismiss. (Def.'s Mot., Dkt. No. 25.) On August 31, 2021, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 29.) On September 3, 2021, Defendant filed a reply. (Def.'s Reply, Dkt. No. 31.)

## II.     LEGAL STANDARD

### A.     Request for Judicial Notice

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993). "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### B.     Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule

4

12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III. DISCUSSION

#### A. Request for Judicial Notice

As a preliminary matter, Defendant asks that the Court take judicial notice of 33 documents in support of its motion to dismiss. (Req. for Judicial Notice, "RJN," Dkt. No. 26.) The documents are purportedly true and correct copies of: 1) Deed of Trust recorded on August 24, 2005 with the San Francisco County Recorder's Office, and bearing instrument number 2005-I019424-00; 2) Notice of Default and Election to Sell Under Deed of Trust recorded on June 26, 2009 with the San Francisco County Recorder's Office, and bearing instrument number 2009-I787124-00; 3) Notice of Default and Election to Sell Under Deed of Trust recorded on February 7, 2012 with the San Francisco County Recorder's Office, and bearing instrument number 2012-J350237-00; 4) Discharge of Debtor filed on February 19, 2013, in the United States Bankruptcy Court Case No. 10-30701; 5) Mechanics' Lien Claim recorded on April 19, 2017 with the San Francisco County Recorder's Office bearing instrument number 2017-K435064-00; 6) Assignment/Transfer of Lien Claim recorded on May 11, 2017 with the San Francisco County Recorder's Office, and bearing instrument number 2017-K449590-00; 7) Deed in Lieu of Foreclosure recorded on May 23, 2017 with the San Francisco County Recorder's Office bearing instrument number 2017-K455207-00; 8) Grant Deed recorded on July 31, 2017 with the San Francisco County Recorder's Office, and bearing instrument number 2017-K489261-00; 9) Memorandum of Lease with Option to Buy recorded on November 1, 2017 with the San Francisco County Recorder's Office, and bearing instrument number 2017-K533809-00; 10) Assignment of Deed of Trust recorded on March 3, 2015 with the San Francisco County Recorder's Office, and bearing instrument number 2015-K028196-00; 11) Substitution of Trustee recorded on May 2, 2016 with the San Francisco County Recorder's Office bearing instrument number 2016-K239214-00; 12) Assignment of Deed of Trust recorded on August 21, 2017 with the San Francisco County Recorder's Office, and bearing instrument number 2017-K496609-00; 13) Assignment of Deed of Trust recorded on October 31, 2017 with the San Francisco County Recorder's Office, and bearing instrument number 2017-K533242-00; 14) Notice of Trustee's Sale recorded on December 12, 2017 with the San Francisco County Recorder's Office, and

bearing instrument number 2017-K547142-00; 15) Trustee's Deed Upon Sale recorded on January 24, 2018 with the San Francisco County Recorder's Office, and bearing instrument number 2018-K570191-00; 16) Grant Deed recorded on March 24, 2021 with the San Francisco County Recorder's Office, and bearing instrument number 2021052008; 17) Complaint filed on December 16, 2014, in the San Francisco County Superior Court of California Case No. CGC-14-543229; 18) Order Granting Demurrer to First Amended Complaint filed on September 23, 2015, in the San Francisco County Superior Court of California Case No. CGC-14-543229; 19) Judgment filed on September 24, 2015, in the San Francisco County Superior Court of California Case No. CGC-14-543229; 20) Docket in *Mohanna v. Wells Fargo Bank, N.A.,* Case No. 4:16-cv-01035-HSG (N.D. Cal.); 21) Docket in *Mohanna v. Wells Fargo Bank, N.A.,* Case No. 4:16-cv-01036-HSG (N.D. Cal.); 22) Complaint filed on September 14, 2016, in the United States Bankruptcy Court for the Northern District of California, Case No. 16-03086; 23) Docket in the United States Bankruptcy Court for the Northern District of California, Case No. 16-03086; 24) Complaint filed on December 6, 2017, in the Superior Court of California County of San Francisco Case No. CGC-17-562907; 25) Order Granting Defendants' Joint Motion to Dismiss the Action with Prejudice After Expiration of Plaintiffs' Time to Amend, filed on July 11, 2019, in the Superior Court of California County of San Francisco Case No. CGC-17-562907; 26) Complaint filed on May 1, 2018, in *Mohanna v. Carrington Mortgage Svcs LLC,* Case No. 3:18-cv-02563-WHO (N.D. Cal.); 27) Order Granting Motion to Dismiss filed on November 1, 2018 in *Mohanna v. Carrington Mortgage Svcs LLC*, Case No. 3:18-cv-02563-WHO; 28) Judgment filed on November 1, 2018 in *Mohanna v. Carrington Mortgage Svcs LLC,* Case No. 3:18-cv-02563-WHO; 29) Complaint filed in *3H Renovation Services, LLC v. BSI Financial Services, et al,* Case No. CGC-18-564945*,* on March 12, 2018 in the Superior Court of California County of San Francisco; 30) Second Amended Complaint filed in *3H Renovation Services, LLC v. BSI Financial Services, et al,* Case No. CGC-18-564945, on February 28, 2019 in the Superior Court of California County of San Francisco; 31) Demurrer to Plaintiff's Second Amended Complaint filed in *3H Renovation Services, LLC v. BSI Financial Services, et al,* Case No. CGC-18-564945 on March 29, 2019 in the Superior Court of California County of San Francisco; 32) Notice of Ruling Sustaining

7

Demurrer Without Leave filed in *3H Renovation Services, LLC v. BSI Financial Services, et al,* Case No. CGC-18-564945 on May 1, 2019 in the Superior Court of California County of San Francisco; and 33) Separate Judgment of Dismissal Following the Sustaining of the Demurrer to the Second Amended Complaint Without Leave to Amend filed in *3H Renovation Services, LLC v. BSI Financial Services, et al,* Case No. CGC-18-564945 on August 6, 2019 in the Superior Court of California County of San Francisco. (RJN, Exs. 1-33.)

Plaintiff objects to the request for judicial notice on the grounds that the proffered documents are disputed and constitute inadmissible hearsay. (Pl.'s Obj., Dkt. No. 30 at 2.) As an initial matter, the Court notes that Plaintiff cites to several of these documents, some even by instrument number, in the operative complaint, so they may be deemed incorporated by reference. (*See* FAC ¶¶ 1-9.) Notwithstanding, Exhibits 1-16 are true and correct copies of official public records, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). The remaining exhibits are all true and correct copies of a court record, which are subject to judicial notice. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Accordingly, Plaintiff's objections are overruled, and Defendant's request for judicial notice is GRANTED.

### B. Motion to Dismiss

Defendant moves to dismiss on the grounds that the action is barred by res judicata, that the action is time-barred, and that Plaintiff's two wrongful foreclosure claims fail as a matter of law. (Def.'s Mot. at 7-18.)

#### i. Res Judicata

Defendant contends that the instant lawsuit is barred by res judicata on the grounds that the same claims were litigated in 2018 in the *3H Renovation Services* case ("2018 Lawsuit"). (Def.'s Mot. at 7.) The Court agrees.

In the 2018 Lawsuit, 3H Renovation Services filed a lawsuit against Wilmington's servicer and attorney-in-fact, Fay Servicing, LLC, as well as Deed of Trust Trustee Zieve, Brodnax & Steele. (RJN, Ex. 29.) The second amended complaint alleged several causes of action including

1    wrongful foreclosure based on the claim that the Loan was forgiven or cancelled in 2013 and

2    could not be foreclosed upon, and the defendants lacked standing to foreclose. (RJN, Ex. 30 ¶¶ 15-

3    17, 20, 23-24, 27, 43, 49-50, 73, 77.)  The second amended complaint was demurred, and

4    judgment was entered. (RJN, Exs. 32 & 33.)

5          "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any

6    claims that were raised or could have been raised in the prior action." *W. Radio Servs. Co. v.*

7    *Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997).  The doctrine of res judicata applies where a

8    second suit "involves: (1) the same cause of action (2) between the same parties [or parties in

9    privity with them] (3) after a final judgment on the merits in the first suit." *Furnace v. Giurbino*,

10   838 F.3d 1019, 1023 (9th Cir. 2016) (quoting *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824

11   (2015)).

12         Here, the parties do not dispute that the 2018 Lawsuit involved the same claims or resulted

13   in a final judgment on the merits.  Rather, Plaintiff raises only two arguments in opposition: that

14   he never sued Wilmington for the causes of actions alleged and that the parties in the 2018

15   Lawsuit were not in privity. (Pl.'s Opp'n at 6-7.)[1]  Thus, the only dispute is whether it involves the

16   same parties or privities as the instant case. *See id.*

17         In arguing that res judicata should not apply because he never sued Wilmington regarding

18   the Subject Property, Plaintiff is conflating the doctrine of res judicata with contract law's general

19   rule that contracts are only enforceable against parties who are signatories. (*See* Pl.'s Opp'n at 7.)

20   To the contrary, res judicata explicitly permits parties in privity to assert that a subsequent suit is

21   barred. *See In re Int'l Nutronics, Inc.*, 28 F.3d 965, 969 (9th Cir. 1994).

22         Wilmington is in privity with Fay Servicing, LLC, which was its servicer and attorney-in-

23   fact for the Subject Property and initiated the foreclosure proceedings on Wilmington's behalf.

24   (RJN, Ex. 29; *see also* RJN, Ex. 31 at 18.)  Thus, Plaintiff need not have sued Wilmington so long

---

[1] At the hearing, Plaintiff argued for the first time that he never borrowed from Wilmington, but that argument has been repeatedly rejected, because lenders may sell the loan by assigning the promissory note and deed of trust to another beneficiary without notice to the borrower. *See Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 927 (2016) (Loans are negotiable instruments that can be sold.).  This assignment can happen multiple times over the life of the loan. *Id.*

1  as Plaintiff is in privity with 3H Renovation Services. *See Tahoe-Sierra Pres. Council, Inc. v.*
2  *Tahoe Reg'l Plan. Agency,* 322 F.3d 1064, 1082 (9th Cir. 2003).

3        Here, there is no dispute that the 2018 Lawsuit involved the same Subject Property.
4  "[W]hen one party is a successor in interest to another with respect to particular property, the
5  parties are in privity only with respect to an adjudication of rights in the property that was
6  transferred…." *Power Integrations, Inc. v. ON Semiconductor Corp.*, 396 F. Supp. 3d 851, 875
7  (N.D. Cal. 2019) (citation omitted); *see also In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997)
8  (quoting *Sw. Airlines Co. v. Texas Int'l Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir. 1977) ("[A] non-
9  party who has succeeded to a party's interest in property is bound by any prior judgment against
10  the party."). The recorded instruments show that Plaintiff is in privity with 3H Renovation
11  Services based on a series of transfers of interest in the building in which the Subject Property is
12  located. (*See* RJN, Exs. 5-9.) Specifically, a mechanic's lien was recorded against the entire
13  building by Chih-Hong Hsu in April 2017. (RJN, Ex. 5.) On May 11, 2017, Hsu assigned the
14  rights to the lien to the Sherkat Entity. (RJN, Ex. 6.) On May 23, 2017, Plaintiff, on behalf of
15  "1405 Greenwich Street HOA, a Trust" conveyed all interest in the property to the Sherkat Entity
16  via a "Deed in Liu of Foreclosure." (RJN, Ex. 7.) On July 25, 2017, the Sherkat Entity conveyed
17  all title and interest in the property to 3H Renovation Services. (RJN, Ex. 8.) The managing
18  member of 3H Renovation Services is Hsu. (RJN, Ex. 9.) On October 30, 2017, Plaintiff entered
19  into a 20-year lease agreement for the entire building from 3H Renovation Services, which
20  contained an option to purchase the property at market value. *Id.* Thus, Plaintiff is both a
21  predecessor and successor to 3H Renovation Services and is clearly in privity with 3H Renovation
22  Services.

23        Moreover, 3H Renovation Services asserted the same rights in the 2018 Lawsuit. Indeed,
24  the 2018 Lawsuit's second amended complaint made virtually identical allegations that the Loan
25  had been subject to cancellation resulting in wrongful foreclosure:

> 16. On February 9, 2013, after extensive negotiations between Keyhan Mohanna, the previous owner of Apt 2, and then servicer Bank of America's Executive Office, (as successor to Countrywide Home Loans), Bank of America agreed to forgive and cancel all 5 of the fraudulently-made Countrywide loans, including the one this Complaint is the subject of. … After years of negotiations with Bank

> of America's executive office, Bank of America agreed to cancel and forgive the predatory loan as part of the Department of Justice Settlement Agreement. …
>
> 17. To confirm their forgiveness/cancellation, Bank of America issued an IRS tax form 1099-C and required Keyhan Mohanna to report the cancelled debt on his tax returns, which he did, and required him to make tax payments accordingly, which he did … .

(RJN, Ex. 30 ¶¶ 16-17.) Similarly, in the instant case, Plaintiff alleges that, "[o]n February 19, 2013, Bank of America [] canceled Plaintiff's mortgage debt obligation. Shortly after the debt obligation was canceled, Plaintiff received a 1099-C from Bank of America evidencing the cancellation of debt." (FAC ¶ 4.) Thus, even though Plaintiff was not a party to the 2018 Lawsuit, 3H Renovation Services asserted virtually identical claims based on Plaintiff's dealings with Bank of America and his contention that the Loan was canceled. (*See* RJN, Ex. 30 ¶¶ 16-17.)

As a result, the issue of whether the Loan was canceled in 2013 was fully litigated in the 2018 Lawsuit, and a final judgment on the merits was entered. (*See* RJN, Ex. 31 at 18; *see also* RJN, Ex. 32 & 33.) Since Plaintiff is in privity with 3H Renovation Services and Defendant is in privity with Fay Servicing, and the wrongful foreclosure and UCC claim are both predicated on the alleged 2013 Loan cancellation, res judicata applies. Accordingly, Plaintiff's claims must be dismissed with prejudice.

### ii. Remaining arguments

Since the Court finds that the instant case is barred by res judicata, it need not address Defendant's other arguments.

### IV. CONCLUSION

For the reasons set forth above, this lawsuit is barred by res judicata. Thus, Defendant's motion to dismiss is GRANTED without leave to amend, because any amendment would be futile.

The Clerk shall close the case.

IT IS SO ORDERED.

Dated: December 13, 2021

KANDIS A. WESTMORE
United States Magistrate Judge